282 So.2d 9 (1973)
Frances CARMEL, Appellant,
v.
Jack CARMEL, Appellee.
Nos. 73-39 and 73-163.
District Court of Appeal of Florida, Third District.
June 26, 1973.
Rehearing Denied September 11, 1973.
Sinclair, Louis, Sand & Siegel, Miami, for appellant.
Levine, Helman & Reckson, Miami, for appellee.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.

ON MOTION FOR ATTORNEY'S FEE
PER CURIAM.
We have for consideration a motion filed by the appellant for attorney's fee for the services of her attorneys in this court, in a cause in which such attorney's fee for services in the appellate court is allowable by law.
The 1973 legislature, by Chapter 73-84 promulgated a rule of practice and procedure whereby motions for attorney's fees for services in the appellate court which are filed in and granted by the appellate court, shall be remanded to the trial court, for the assessment of such fees to be made by the trial court.
By Section 2(a) of Article V of the Constitution, F.S.A., the power to "adopt rules for the practice and procedure *10 in all courts" is vested in the Supreme Court of Florida. Also, in that subsection of the Constitution the legislature is granted authority to repeal "these rules." However, the Constitution did not confer upon the legislature the power to enact or "adopt" rules for the practice and procedure in the courts, either in Section 2(a) of Article V or elsewhere.
Therefore, while the Act in question may be valid to the extent that it repeals a subsection of Appellate Rule 3.16,[1] 32 F.S.A., the legislature acted without constitutional power or authority when it also promulgated the rule of practice referred to above.
Subsection (e) of Rule 3.16 FAR dealt with the time and manner for filing motions in the appellate court for attorney's fees in proceedings in which attorney's fees for services in that court are allowable by law, and the time for disposition thereof, with an additional provision for enforcement by the trial court of such fee allowances.
Upon repealing those provisions of subsection (e) of Florida Appellate Rule 3.16, the legislature purported to adopt the same rule of practice and procedure for the appellate court, except for the provisions thereof as to the time of disposition of such motions and as to enforcement by the trial court. Then, by the Act in question, the legislature proceeded to adopt the new and additional rule of practice and procedure for such [granted] motions for attorney's fees to be transferred to the trial court for determination or assessment of the amount to be awarded.
Since the legislature could and did effectively repeal Appellate Rule 3.16(e) as to the time and manner of filing motions for such relief in appellate courts, those features are without control by existing rules. The attempt of the legislature to adopt or recreate an appellate rule with reference thereto was ineffective, for the reason stated herein.
In short, while the legislature could, pursuant to the Constitution, repeal a rule of practice adopted by the Supreme Court, it was without constitutional authority to promulgate a rule of practice or procedure for the appellate or trial courts, to operate as a substitute or an alternative to the rule thus repealed, or otherwise. Accordingly, we hold that the provision of Ch. 73-84 that "the assessment of attorney's fees shall be remanded to the trial court" is invalid and inoperative.
Upon consideration thereof, the appellant's motion for attorney's fee is granted. By a separate order to be entered herein the amount of attorney's fee allowed will be fixed and the payment thereof ordered.
It is so ordered.

ON PETITION FOR REHEARING
PER CURIAM.
The petition for rehearing filed by the appellant, directed to this court's opinion and judgment of June 26, 1973, rendered on a motion for attorney's fee, has been considered and is hereby denied. See the later opinion of the Supreme Court of Florida which includes an amended Rule 3.16(e) F.A.R., relating to attorney's fees allowable by law for services in appellate courts, In Re: Clarification of Florida Rules of Practice and Procedure, Fla. 1973, 281 So.2d 204.
NOTES
[1] There could be a question as to whether the authority conferred by the Constitution on the legislature to repeal "these rules" authorizes the legislature to repeal a subsection of a rule, or as in this case, to repeal a part of a subsection of a rule of practice.