PER CURIAM.
Petitioner-appellant seeks review of an order of dismissal and final judgment dismissing plaintiff’s supplemental petition for alternative writ of mandamus.
Petitioner-appellant, James D. Reedus, had filed two civil suits which were consolidated for trial. The testimony and proceedings at this consolidated trial were recorded stenographically by the respondent-appellee, Bert Friedman, in his capacity as one of the official court reporters. After the trial, appellant filed several notices of appeal from the various judgments entered by the trial court. On November 6, 1972, in connection with the prosecution of the above appeals, petitioner served his directions to the court reporter, the respondent directing him to transcribe the testimony and proceedings of the trial. In a letter dated November 9, 1972 petitioner wrote to the respondent and in accordance with Florida Statute § 29.03, F.S.A. made, his demand that appellee prepare an original transcript of the testimony and proceedings at trial for which the statutory rate [Fla.Stat. § 29.03, F.S.A.] of fifty ($.50) cents per page for each page of the original transcript would be paid. Respondent refused and in a letter of November 15, 1972 made a counter-demand that petitioner order an original and three copies at the rate of $1.50 per page for an original and one carbon copy, sixty ($.60) cents for each additional copy in accordance with RCP 1.035, 30 F.S.A. Thereafter, on November 17, 1972 appellant filed his supplemental petition for alternative writ of mandamus to compel the respondent, Bert Friedman, forthwith to furnish petitioner with an original typewritten transcript of the notes of the testimony and proceedings of the trial at the statutory fate of fifty ($.50) cents per page for the original of each page. On November 22, 1973, the court entered the following order and judgment:
“THIS CAUSE came on before the Court, ex parte, on the verified Supplemental Petition for Alternative Writ of Mandamus filed by JAMES D. REE-DUS on November 17, 1972, at 1:40 P. M. before the Honorable Shelby High-smith, in Chambers. Said Petition having been transferred to the undersigned presiding or chief Judge of this Circuit, at his request, and after having considered said Supplemental Petition for Alternative Writ of Mandamus, it is
, “ORDERED and ADJUDGED said Petition be, and the same is hereby dismissed for the following reasons:
“1) Rule 1.035(b), 30 F.S.A. of the Florida Rules of Civil Procedure provides :
“(b) FEES. The Judges of the Circuit Court by majority vote may set the fees to be charged by court reporters by general order. The order shall be uniform in all courts throughout the territorial jurisdiction of the Circuit Court and shall be recorded.
“2) It is the opinion of this Court that the above quoted Rule of Court supersedes Florida Statute 29.03 and by reason thereof, a meeting was held ee the ■-■ 4ay ef-7 197-27 of the Circuit Judges of the Eleventh Judicial Circuit, in and for Dade County, Florida, and by majority vote of said Judges, it was agreed that official court reporters in the Circuit Court for the Eleventh Judicial Circuit shall be compensated for transcripts of their notes of *357 the proceedings and testimony at trial at the rate of $1.50 per page for the original and one typewritten copy and the additional rate of 60 cents for each additional typewritten copy. At the time of filing the abovementioned Petition for Alternative Writ of Mandamus, no general order had been prepared or recorded setting forth the compensation figures referred to above.
“3) By reason of the foregoing vote of the Judges then presiding in this judicial Circuit, the Court rules, as a matter of law, that the Plaintiff’s Supplemental Petition for Alternative Writ of Mandamus be, and the same is, hereby dismissed, with prejudice.,
“DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 22 day of November, 1972.
“/s/ Marshall C. Wiseheart
“CIRCUIT JUDGE”
After entry thereof, appellant moved for rehearing, but the motion was denied and this appeal followed.
On appeal, appellant contends thát it was error for the court below to have dismissed his petition for alternative writ of mandamus compelling respondent to furnish the requested transcript at the statutory rate of fifty ($.50) cents per page.
It is well established that an alternative writ of mandamus should not be issued unless a prima facie case is made by allegations in the petition showing a duty of respondent imposed by law and a right in the relator to require its performance. Merchants’ Broom Co. v. Butler, 70 Fla. 397, 70 So. 383 (1915); State v. Paderick, 77 Fla. 277, 81 So. 285 (1919).
The petition showed a legal duty of the respondent court reporter to furnish to the party so requesting a transcript of his notes of the testimony and proceedings taken at the trial of the civil action involved, for the compensation fixed by statute of fifty cents a page for the original. Demand therefor and refusal by the respondent was alleged.
Court reporters of the circuit court have official status, conferred by § 29.01 Fla. Stat., F.S.A. The duty to furnish a transcription of the notes and testimony taken in civil actions, to a party to the cause upon request, and to receive therefor the amount of fifty cents per page for the original, is imposed by law on the reporter. § 29.03 Fla.Stat., F.S.A.
Rule 1.035(b) FRCP, 30 F.S.A., which is quoted in the order entered herein by the trial court, provides that judges of the circuit court by a majority vote may set the fees to be charged by court reporters in all courts in the territorial-jurisdiction of the circuit court. The rule provides for a change in the fees so voted for to be accomplished by a “general order” of the circuit court, and that such order “shall be recorded.”
 Under that rule of the Supreme Court, in order to effectuate a change in the fees for court reporters, from that which is prescribed by statute, it is not enough for the judges of a circuit to meet and cast a majority vote as to the amount of the reporter’s fees. It is necessary that an order be entered thereon and recorded. The references in the rule to an “order”, and particularly the requirement that the order be recorded, show beyond question that the rule calls for the entry of a written order.
No order effecting a change of the statutory fees for court reporters had been entered and recorded by the circuit judges or circuit court of Dade County at the time of the filing of the petition for alternative writ of mandamus. That fact is disclosed in the order of the circuit court which dismissed the petition.
It is elemental that legislation or court action which is taken during the pen-dency of a cause for the express purpose of depriving a party of his rights therein *358 as previously existing, would be improper and uncountenanced in the law.
To the credit of the circuit court, where, prior to the filing of the petition, no order changing the fees as fixed by statute had been entered, .the court did not, as a means of controlling the mandamus action, enter and record such an order after the filing of the petition and prior to its ruling on the motion challenging the sufficiency thereof.
Instead, the petition, which otherwise appeared' sufficient for issuance of an alternative writ of mandamus, was rejected by the court on the basis that the judges of the circuit court had voted that a court reporter’s compensation for transcript of his notes of testimony and proceedings at trial of a cause should be increased from the statutory rate to one dollar and fifty cents per page for the original, although conceding (in the order of dismissal) that at the time of the filing of the petition no general order had been made and recorded thereon.
It appears unnecessary to elaborate on the proposition that where, at the time of the filing of the mandamus petition, no legally effective change had been made from the statutorily prescribed fees, the latter were then in effect, and were legally binding on the court reporter with respect to the matter with which the petition was concerned.
We would like to note that upon reviewing the record, the court reporter took the position in his letter of November IS, 1972 that in addition to the original transcript, petitioner would also be furnished with three copies thereof and be charged therefor. Petitioner desired only the original transcript and there is no authority to support respondent’s demand that petitioner must accept and pay for additional copies beyond the requested original.
Petitioner-appellant also contends that the Florida Supreme Court was without power in promulgating RCP 1.035(b), 30 F.S.A. as the fees to be charged by a court reporter do not relate to practice and procedure.
To support this contention, appellant basically argues that court reporter fees have always been a subject of legislation in Florida and that RCP 1.035(b), 30 F.S.A. legislates out of existence Fla.Stat. § 29.03, F.S.A., which the Florida Supreme Court does not have power to do. We disagree.
By Section 2(a) of Article V of the Constitution, F.S.A., the power to adopt rules for practice and procedure in all courts is vested in the Supreme Court. It is now established that where rules and construing opinions have been promulgated by the Florida Supreme Court relating to the practice and procedure of all courts and a statutory provision provides contrary practice or procedure, the statute must fall. School Board of Broward County v. Surette, Fla. 1973, 281 So.2d 481, Cf. Carmel v. Carmel, Fla.App. 1973, 282 So.2d 9. Thus, this argument of appellant must fail.
Before concluding, we wish to emphasize that this ruling is restricted to the petition in this case and is not intended to furnish a basis for recovery of excess reporter fees which may have been paid by parties in other actions prior to the entry of the general order of the circuit court with relation thereto, since their payment thereof and failure to take timely action to avoid such payment will prevent subsequent claims therefor.
For the reasons cited hereinabove, the order of dismissal is reversed and the cause remanded with directions to grant petitioner’s supplemental petition for alternative writ of mandamus.
Reversed and remanded with directions.