McCORD, Acting Chief Judge.
Appellants, members of the Board of County Commissioners of Walton County, Florida, appeal from a final judgment ordering them to pay additional compensation to Colleen Kriser, an official court reporter, pursuant to a schedule of court reporters’ fees set by Administrative Order of the Chief Judge of the First Judicial Circuit for certain court reporter services performed. Appellants contend that the fixing of court reporter fees is a substantive function and, therefore, should be governed by statute. Compare Art. 5, § 2, Fla.Const., which provides that the Supreme Court may promulgate rules “for the practice and procedure in all courts.”
§ 29.03, Fla. Stat., enacted in 1953, provides for a court reporter fee schedule as follows: $.50 per page for the original copy and $.25 per page for each carbon copy. Fla.R.Civ.P. 1.035(b), adopted by the Supreme Court in In Re The Florida Bar, 265 So.2d 21 (Fla.1972), provides:
“(b) Fees. The judges of a circuit court by majority vote may set the fees to be charged by court reporters by general order. The order shall be uniform in all courts throughout the territorial jurisdiction of the circuit court and shall be recorded.”
Fla.R.Crim.P. 3.025(c), adopted by the Supreme Court in In Re Florida Rules of Criminal Procedure, 272 So.2d 65 (Fla.1972), provides:
“(c) Court Reporters. The fees to be allowed court reporters shall be in the amounts as provided by rule 1.035, Florida Rules of Civil Procedure.”
In the opinions adopting the above rules the Supreme Court stated;
“All conflicting rules and statutes are hereby superseded; statutes not superseded shall remain in effect as rules promulgated by the Supreme Court.”
The trial judge found that pursuant to the above Supreme Court rules, the judges *592 of the First Judicial Circuit, by recorded order, fixed the rate of compensation for court reporter services for the transcription of civil and criminal proceedings at $1.50 per page for the original and one copy and at $.50 for each additional copy. Also pursuant to the above Supreme Court rules, the judges of that circuit, by recorded amendment on November 1, 1977, changed the rate of compensation to thereafter be $2.50 per page for the original and two copies and $.50 per page for additional copies. Appellants .paid Colleen Kriser pursuant to the provisions of § 29.03, Fla.Stat., and assert that the administrative order is inapplicable because any procedural rules adopted by the Supreme Court that are contrary to § 29.03 are ineffectual since the setting of court reporter fees is not a procedural matter. Ms. Kriser brought this action to collect more compensation pursuant to the above-mentioned administrative order and the amendment thereto.
The trial court declared that, according to Reedus v. Friedman, 287 So.2d 355 (Fla. 3 DCA 1973), a rule of the Supreme Court dealing with the subject of official court reporters is a rule concerning a matter of “practice and procedure” as that phrase is used in Article V of the Florida Constitution, and any such rule supersedes any conflicting statutory provisions. The trial court found that § 29.03, Fla.Stat., directly conflicts with the administrative orders of the circuit judges which were promulgated pursuant to the Supreme Court rules; that the rate of compensation to which Ms. Kris-er is entitled is that amount fixed by the 1974 order of the circuit judges of the First Judicial Circuit and the 1977 amendment thereto. Thereupon, the trial court ordered appellants to pay Ms. Kriser at the rate of $1.50 per page for the original pages of the transcript transcribed by her prior to November 1, 1977, and at the rate of $2.50 per page for the original pages transcribed on or after November 1, 1977, for a total amount of $1,412.50, after credit was given for the amount appellants had paid Ms. Kriser pursuant to § 29.03, Fla.Stat.
We find no error in the ruling of the trial court and agree with the ruling of our sister court of the Third District in Reedus v. Friedman, supra. The Supreme Court, by its adoption of Fla.R.Civ.P. 1.035(b) and Fla.R.Crim.P. 3.025(c), has apparently decided this question adversely to appellants’ contention.
We have considered appellants’ remaining point and find it to be without merit.
AFFIRMED.
BOOTH and SHIVERS, JJ., concur.