PER CURIAM.
By a certificate pursuant to Rule 4.6, F.A. R., 31 F.S.A., the trial court in this cause presents the question of whether the constitutional privilege against self-incrimination is violated by a court order requiring a defendant charged with first degree murder to answer questions by a psychiatrist appointed pursuant to the requirement of F.S. Sec. 909.17, F.S.A. on penalty that defendant’s psychiatric testimony based on interview would be excluded at trial “unless and until the same cooperation is given to the psychiatrist appointed by this Court.”
It is apparent from a consideration of the certificate and the state of the proceedings out of which it arises that instruction on the question presented will not at this point “facilitate the final disposi *258 tion of tlie cause” as required by the rule, supra. Previous cases rejecting inquiries on evidentiary and related issues have reinforced the clear language of the rule limiting its use to situations where the cause itself may be finally disposed of at this point in the proceeding if the question is conclusively resolved in one party’s favor. Newcomb v. Roarty, Fla.1957, 93 So.2d 373; In re Taylor, Fla.App.1964, 166 So.2d 476.
Because of the express limitation of the rule and its clear intent to preclude inappropriate interference with the exercise of trial jurisdiction, the certificate should be rejected.
It is so ordered.
THORNAL, C. J., and DREW, O’CON-NELL, CALDWELL and ERVIN, JJ., concur.