JOHNSON, Judge.
This is a petition for writ of certiorari to the circuit court of Duval County, Florida, seeking to have reviewed an order of the circuit court directing the defendant, petitioner here, to cooperate in the examination into her sanity by the court appointed psychiatrists, and providing that unless she did so cooperate that any testimony offered by her privately employed psychiatrist would be excluded.
This petition is alleged to have been presented under and pursuant to Article 5, Section 4 of Florida Constitution, F.S.A., and Rule 4.5, subd. c, F.A.R., 32 F.S.A. Because of great public interest in the question raised in this petition, and the peculiar facts of this case, we accept jurisdiction in this matter and will express our views on the question as raised.
The defendant was indicted for first degree murder for shooting her husband. Pursuant to Section 909.17, Florida Statutes, F.S.A., the defendant gave advance notice that one of her defenses would be insanity. Thereafter, as provided by the Florida Statute, the court appointed two psychiatrists to examine said defendant and to report their findings and conclusions as to her sanity. The defendant was ordered to submit to such examination by the two court appointed psychiatrists. The defendant together with her attorney went to the office of one of the court appointed psychiatrists, gave her name and address and submitted to a physical and neurological examination, but refused, upon advice of her counsel, to answer any questions re *459 garding her mental status, past and present, her medical history or any further information, on the ground of self-incrimination.
The State filed a motion asking the court to direct the defendant to submit to a psychiatric examination and directing her to cooperate with the court appointed psychiatrists to the extent he deemed necessary for formulation of an opinion as to her sanity or insanity. The court granted such motion and directed that if the defendant did not submit to examination and cooperate with the court appointed psychiatrist, that any psychiatric testimony offered by the defendant at her trial furnished by her privately retained psychiatrist would be excluded.
It is this order which the petitioner wants quashed.
The question boils down to whether the court can require a defendant in a criminal proceeding, who has served notice on the state that a plea of insanity will be relied upon as a defense, to submit to examination by medical experts, without violating said defendant’s constitutional rights against forced self-incrimination?
This question was presented to the Florida Supreme Court in the case of State v. Cason, 194 So.2d 257 (1967), but the court declined to answer because its answer would not “facilitate the final disposition of the cause.” The Florida Supreme Court however, in McVeigh v. State (Fla.1954) 73 So.2d 694, held Section 909.17, Florida Statutes, F.S.A., constitutional.
There are some 23 states which have statutes with respect to insanity pleas in criminal cases. Of these, only 14 provide for compulsory mental examinations whereas the others deal with present insanity only, or else have no provision for enforcing psychiatric examinations.[1]
In some states, where there is a statute similar to Florida’s the courts have held generally that the defendant could not refuse to submit to physical or neurological examinations but that such defendant did not have to answer questions pertaining to medical history or anything verbal that had a bearing upon her emotional or mental temperament, or anything that related to the act of which the defendant was accused. Some states have held the statute as being unconstitutional per se[2] but the Florida Supreme Court has held the Florida Statute constitutional[3] as pointed out supra.
In McVeigh, the court said, with respect to the question of whether that part of F. S. Section 917.02, F.S.A. relating to the appointment of experts to examine the defendant, their examination by the court and counsel was violative of the Bill of Rights and the Fifth and Fourteenth Amendments to the Federal Constitution, or not:
“ * * * It is sufficient answer to this question to say that the burden was on the state to prove the defendant’s guilt. The fact that the court is permitted to examine the witness, if he exercises the privilege, does not transgress the provision of the Constitution. * * * In this case the issue of insanity was raised and the burden was on defendant to prove it. No substantive right of defendant is shown to have been violated.”
This was the same answer given by the court as to the question as to the power of the court to require the defendant to submit to examination by medical experts appointed under F.S. Section 917.02, F.S.A. and then questioning them by the court as to sanity of the defendant.
The last sentence of F.S. Section 917.02, F.S.A. reading as follows:
“ * * * The experts appointed by the court shall be summoned to testify at the *460 trial and shall be exámined by the court and may be examined by counsel for the state and the defendant.”
seems to be the gist of the grievance. Were it not for this last sentence, then, of course, the experts appointed by the court could testify as to the conclusions reached as to the sanity or insanity, only, without going into detail as to how such conclusions were reached. But because of this sentence, if it is to be construed literally, the question is present as to the defendant having been forced to testify against himself.
The briefs of the respective counsel for the petitioner and the respondent provide a rather comprehensive résumé of the laws of this and other jurisdictions, on the admissibility of the experts’ testimony and the constitutionality of the statutes similar to Florida’s Section 909.17, F.S.A. and F.S. Section 917.02, F.S.A.
But, I do not believe any of the Florida District Courts of Appeal nor the Supreme Court, have answered the question with which we are confronted here. In the other- Florida cases, the question of admissibility of the evidence, after the court appointed psychiatrists had conversed with and examined the accused, was acted upon.
In 1954, the Supreme Court of Florida in McVeigh v. State, cited supra, held that the issue of insanity having been raised by the defendant, it was up to the defendant to prove it and the fact that the court is permitted to examine the witness, does not transgress the provision of the Constitution.
In 1963, the Supreme Court of Florida held in Land v. State [4] a’s follows:
“The psychiatric phase of medicine, relatively new, involves tenuous delving in the nebulous processes of mentality. The conclusions are seldom positive and unquestionable and, weighed by the jury’s impression of the expert’s capability and professional integrity, are to be evaluated in the light of all attendant qualifying factors. Such an opinion touching the intangible state of the subject’s mind must as of course be based upon such sources of information as are available, including the subject himself, his background, his behavior and the related facts and circumstances.”
The court said further, however that an opinion founded upon the expert’s scientific examination of the subject and conversations with third persons would not be inadmissible absent a showing that his conclusion was based in major or substantial part upon conversations. Indirectly, again the court has sanctioned the examination of the accused by the experts and admitted the evidence so obtained as not being violative of the constitutional rights of the accused.
In McCullers v. State [5] the District Court of Appeal, First District of Florida, held that the opinion of the expert based in substantial part on conversations between the expert and third persons purporting to know the facts concerning the conduct of the defendant prior to and immediately subsequent to the homicide, was inadmissible as being based upon hearsay evidence.
A very strong case, which is cited frequently, is People v. Strong[6] from California. The court in that case points out, inter alia, that the appointment of the experts, the psychiatrists, is in aid of truth, which the court is seeking in order to determine the controversy with justice to all. The court further held, however, that there was no merit to the contention that the defendant is compelled to be a witness against himself.
*461 That the statute does not force the defendant to say anything. He can remain mute. Therefore there is no compulsion.
 We think this is the proper interpretation of our Florida Statute also. The defendant cannot be forced to say anything to the experts, but by the same token, in order that the court may be dealt with honestly and fairly so as to mete out justice, if the defendant elects to keep quiet in the presence of the court appointed, and therefore unbiased expert witnesses, then the defendant will not be heard either in person or by private and therefore presumably biased experts, as to the sanity of the defendant. The burden of proof is on the defendant to sustain the plea of insanity, and justice and fairness to the court and society demands that the state be afforded the same source of information, namely, confrontation of the defendant in conversational examination, by the court appointed experts which will not necessarily be in rebuttal to but may be in confirmation of the private expert’s opinion as to the sanity of the defendant.
In order that the stricter safeguard against self-incrimination as to the overt act of the crime, may be retained, we feel that if the defendant elects to defend on the ground of insanity, the basis for such determination as the defendant wishes to put before the court and jury, should also be available to the court’s appointed expert witnesses, but such experts shall be required to limit their testimony to matters of conduct of the defendant at or near the time of the alleged offense not having a direct bearing upon the overt act itself. Of course, the experts should refrain from any expression as to the innocence or guilt of the party accused.
In Jessner v. State[7] the Supreme Court of Wisconsin dealt upon the statute and the admissibility of the evidence in a case similar to that at bar. In Wisconsin, the statute which provides for the appointment of the experts to determine the status of sanity, carries a provision that no testimony regarding the mental condition of the accused shall be received from witnesses summonsed by the accused until the expert witnesses summonsed by the prosecution have been given an opportunity to examine and observe the accused. While we do not have such a statutory provision in Florida, the order of the trial court under attack here, carries almost that identical prohibition and while not controlling, such conclusion does appear to us in accord with logic and reason.
It is to be remembered that the psychiatrists appointed by the court are not appointed for the purpose of helping to obtain a conviction, but are for the purpose of preventing a miscarriage of justice. These experts are appointed for and interested in only one question: the sanity or insanity of the accused at the time of commission of the crime. This can only logically be determined after examination of the accused. The experts are precluded from supplying any link in the chain of evidence to establish the conclusion that he committed the act of which he is accused. In fact, when the issue of insanity is tendered, it invites an inquiry into the mental condition of the accused at the time of the commission of the act. His mental responsibility becomes a separate and distinct issue from that of guilt or innocence.
In view of what appears to us to be the prevailing philosophy of the courts of this state and our sister states, we are compelled to the opinion that while the accused defendant cannot be compelled to converse' with or otherwise cooperate with the court’s experts, neither can such defendant grant the privilege of such examination to her private expert and deny it to the court appointed experts and still present such testimony to the court and jury.
*462 Therefore, the petition for certiorari is hereby denied and the order of the trial court affirmed.
WIGGINTON, C. J., and SPECTOR, J., concur.

. 51 Georgetown Law Journal, 143, 145.

. People v. Dickerson, 164 Mich. 148, 129 N.W. 199, 33 L.R.A.,N.S., 917.

.McVeigh v. State, 73 So.2d 694 (Fla. 1954).

. Land v. State, 156 So.2d 8 (Fla. 1963).

. McCullers v. State, 143 So.2d 909 (Fla. App.1st, 1962).

.People v. Strong, 114 Cal.App. 522, 300 P. 84.

. Jessner v. State, 202 Wis. 184, 231 N.W. 634, 71 A.L.R. 1005 (1930).