302 So.2d 782 (1974)
The STATE of Florida, Petitioner,
v.
Glenn BATTLE, Respondent.
No. 74-991.
District Court of Appeal of Florida, Third District.
October 16, 1974.
Rehearing Denied November 25, 1974.
*783 Richard E. Gerstein, State Atty., and Milton Robbins, Asst. State Atty., for petitioner.
Phillip Hubbart, Public Defender, and Roy S. Wood, Jr., Asst. Public Defender, for respondent.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PEARSON, Judge.
Petition for certiorari has been filed in this court by the State of Florida seeking review of the following order of the trial court.
"The Court makes the following finding of facts in regard to the State's motion for access to the Defendant by State retained psychiatrists:
a. The Defendant has raised the defense of insanity
b. Pursuant to the Defendant's notice of intent to rely upon insanity, the Court has appointed three psychiatrists to examine the Defendant.
"The State's motion is hereby denied."
The State contends that the court's order is in violation of 3.210(c), CrPR, which reads in part as follows:
"The appointment of experts by the court shall not preclude the State or defendant from calling expert witnesses to testify at the trial and in case the defendant is committed to custody by the court they shall be permitted to have free access to the defendant for purposes of examination or observation. The experts appointed by the court shall be summoned to testify at the trial and may be examined by the court and by counsel for the State and the defendant."
We find no intelligent way to interpret this rule other than to require that an expert witness to be called by the State to testify at the trial be granted access to the defendant. The plain language of the rules promulgated by the Supreme Court of Florida are binding upon the trial and appellate courts. See State v. Lott, Fla. 1973, 286 So.2d 565 and Ser-Nestler, Inc. v. General Finance Loan Company of Miami Northwest, Fla.App. 1964, 167 So.2d 230.
We must deal with one other factor revealed by this record. Subsequent to the filing of petition for certiorari, the trial court vacated the order for which review was sought but by the same order reiterated the original ruling. It is clear that this was not done to divest this court of jurisdiction but to correct language in the order. We therefore decline to dismiss the petition as suggested by the respondent.
The petition for certiorari is granted and the court's order dated June 27, 1974, and the court's order in this cause dated July 31, 1974, are quashed with directions to enter an order granting State's motion for access to the defendant by the State's privately retained psychiatrist. We do not mean by this order to limit the court's discretion in governing the number of psychiatrists or occasion for their access to the defendant.
It is so ordered.