344 So.2d 244 (1977)
Wayne Edward WHEELER, Appellant,
v.
STATE of Florida, Appellee.
No. 49319.
Supreme Court of Florida.
March 24, 1977.
*245 David LaCroix and Aaron A. Green, Gainesville, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
PER CURIAM.
After the trial of this cause, the Court decided Roberts v. State, 335 So.2d 285 (Fla. 1976), in which we adopted the "Lyles rule" which requires the trial judge to instruct the jury as to the consequences of a verdict of not guilty by reason of insanity. Defense counsel requested such an instruction in the present case, and the trial judge, who did not have the benefit of our opinion in Roberts v. State, supra, refused to give the instruction. The decisional law in effect at the time an appeal is decided governs the issues raised on appeal, even where there has been a change of law since the time of trial. Evans v. St. Regis Paper Co., 287 So.2d 296 (Fla. 1973); Williams v. Wainright, 325 So.2d 485 (Fla. 4th DCA 1975); Cosby v. State, 297 So.2d 617 (Fla. 1st DCA 1974). In these circumstances, we are required to reverse appellant's conviction.
Because this case must be tried again, we reach the question of what standards should apply when an insanity defense is raised. The trial judge instructed the jury as follows:
Under the law a person is sane and responsible for his crime if he has sufficient mental capacity to understand what he is doing and to understand that his act is wrong. If at the time of an alleged crime a defendant was by reason of mental infirmity unable to understand the nature of his act or its consequences or was incapable of distinguishing that which is right from that which is wrong he was legally insane and should not be convicted.
Insanity may be permanent, temporary or intermittent. It is for you to determine the question of the insanity of the defendant at the time of the alleged commission of the crime.
* * * * * *
Unrestrained passion or ungovernable temper is not insanity and is no excuse for the commission of a crime even though the normal judgment of the person is overcome by passion or temper.
Counsel for the defendant invites us to abandon the M'Naghten rule, as set forth in Anderson v. State, 276 So.2d 17 (Fla. 1973), and urges us to adopt the test agreed on by the American Law Institute.[1] We are told that psychiatry has progressed to the point that the rules should be altered to facilitate greater participation by psychiatrists in deciding who should be held criminally responsible.
For many of the reasons advanced by appellant, this Court recently adopted the modified jury instruction on insanity set forth in Florida Standard Jury Instructions in Criminal Cases, approved by this Court's order in In re Standard Jury Instructions In *246 Criminal Cases, 327 So.2d 6, filed February 4, 1976.[2]
The new formulation adopts the "disease or defect" elements of the ALI test. We decline to adopt the so-called "irresistible impulse" portion of the ALI test which excuses from criminal responsibility the defendant who "lacks substantial capacity ... to conform his conduct to the requirement of the law." We hold that the revised jury instruction on insanity correctly states the law of Florida and direct that it shall be utilized in all trials beginning after the day on which this opinion becomes final.
The judgment of conviction and the sentence are reversed, and the case is remanded to the trial court for a new trial.
OVERTON, C.J., BOYD, SUNDBERG, HATCHETT and DREW (Retired), JJ., concur.
ADKINS and ENGLAND, JJ., dissent.
NOTES
[1] Section 4.01 of the American Law Institute's Model Penal Code (1962) provides:

(1) A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law.
(2) The terms "mental disease or defect" do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct.
[2] law does not hold a person criminally accountable for his conduct while insane, since an insane person is not capable of forming the intent essential to the commission of a crime. A person is sane and responsible for his crime if he has sufficient mental capacity when the crime is committed to understand what he is doing and to understand that his act is wrong. If at the time of an alleged crime a defendant was by reason of mental infirmity, disease or defect unable to understand the nature and quality of his act or its consequences or, if he did understand it, was incapable of distinguishing that which is right from that which is wrong, he was legally insane and should be found not guilty by reason of insanity.
Insanity may be permanent, temporary or may come and go. It is for you to determine the question of the sanity of the defendant at the time of the alleged commission of the crime.
* * * * * *
Unrestrained passion or ungovernable temper is not insanity, even though the normal judgment of the person be overcome by passion or temper.