355 So.2d 789 (1978)
STATE of Florida ex rel. Jeffrey Michael BOYD, Petitioner,
v.
R.A. GREEN, Jr., Etc., Respondent.
No. 52678.
Supreme Court of Florida.
February 16, 1978.
*790 Alan R. Parlapiano, Public Defender, Gainesville, for petitioner.
R.A. Green, Jr., in pro. per.
HATCHETT, Justice.
The principal issue presented for our consideration is whether the bifurcated trial system established by statute for the adjudication of guilt and insanity in criminal trials denies a defendant his right to due process of law under the state or federal constitutions. We exercise jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution, and hold Chapter 77-312, Section 1, Laws of Florida (codified as Section 921.131(1), Florida Statutes [918.017]), creating that procedure unconstitutional.[1]
*791 Petitioner was charged by information with burglary and entered a plea of not guilty with intent to rely on the defense of insanity. By motion to dismiss, petitioner challenged the constitutionality of the newly enacted insanity statute which (1) repeals Fla.R.Crim.P. 3.210 and (2) provides for a separate trial on the issue of insanity following trial on the issue of guilt or innocence. The trial judge ruled that Section 1 of the statute which provides for a separate trial on insanity constitutes a denial of due process of law, but upheld the constitutionality of Section 10 of the statute which repeals Rule 3.210, finding it a valid exercise of the Legislature's authority pursuant to Article V, Section 2, Florida Constitution.[2] The trial judge concluded that, as a result of his rulings above, the defense of insanity no longer exists in Florida and ordered the case to proceed to trial without benefit of that defense.
To fully resolve the issues presented we must also determine whether insanity as a defense existed at common law and whether Section 10 of Chapter 77-312,[3] repealing Fla.R.Crim.P. 3.210, is so dependent upon Section 1 as to be inseparable from it.
By declaring that there is no defense of insanity in Florida, absent statute or rule, the trial court failed to recognize the common law defense as adopted by this court in Davis v. State, 44 Fla. 32, 32 So. 822 (1902):
Section 2369 of our Revised Statutes provides that "the common law of England in relation to crime, except so far as the same relates to modes and degrees of punishment, shall be of full force in the state where there is no existing provision by statute on the subject." There is no statute defining what degree of irresponsibility shall constitute incapacity to commit a criminal act, and hence the common law rule must govern. The rule announced in M'Naghten's case is substantially the rule laid down in all the modern English authorities, and the weight of authority in this country supports the English rule. At 827.
The origin and history of the common law defense is discussed more fully in an annotation on criminal responsibility found at 45 ALR2d 1451.
The concept of insanity as an excuse for conduct which would otherwise be punishable as a crime developed early in the history of English law. While it has been said that originally insanity was not a defense in the courts, the procedure being for the jury to find the accused guilty with a special verdict that he was mad, whereupon he would receive a royal pardon, it was early decided that there could be no crime where at the time of the act charged the accused was so insane as to be unable to form a guilty intention, although the court emphasized that insanity must be clearly shown and that not "every frantic and idle humour" would exempt from punishment. Ability to distinguish between right and wrong at the time of the act charged was soon recognized *792 as the test to be applied, and this test received its classic formulation in the advisory opinion of the judges in M'Naghten's Case, stating that the test of mental responsibility is whether the accused "was labouring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing; or, if he did know it, that he did not know he was doing what was wrong." (footnotes omitted)
Florida courts have continued to adhere to the common law defense of insanity and intervening procedural rules and statutes relating to the mechanics for raising this defense have not altered its existence.[4]Wheeler v. State, 344 So.2d 244 (Fla. 1977); Anderson v. State, 276 So.2d 17 (Fla. 1973); Campbell v. State, 227 So.2d 873 (Fla. 1969); Holston v. State, 208 So.2d 98 (Fla. 1968); Van Eaton v. State, 205 So.2d 298 (Fla. 1967); and Piccott v. State, 116 So.2d 626 (Fla. 1959). We therefore find that the conclusion reached by the trial judge, that his ruling effectively abolished the defense of insanity, constitutes reversible error.
We are in agreement with the trial court that the bifurcated trial procedure established by the Legislature for the adjudication of guilt and insanity denies a defendant his right to due process of law. The bifurcated trial system is not a new one. California, Arizona, Texas, Louisiana, Wisconsin, Colorado, and Wyoming have, in an effort to provide greater safeguards for a defendant, adopted by rule or by statute, systems whereby the issue of insanity is tried separately from the issue of guilt or commission of the acts charged.[5] Legal scholars report that these states have recognized the potential prejudice which may result from the introduction of the wide range of evidence relevant to an insanity defense in a case where the defendant has pleaded not guilty by reason of insanity. Comment, Due Process and Bifurcated Trials: A Double-Edged Sword. 66 N.W. Law Rev. 327 (1971). Their position is that where evidence going to the defense of insanity is withheld from that portion of the trial in which guilt is determined, any potential prejudice is eliminated. If the jury finds that the defendant is guilty his insanity defense is explored in a separate trial.[6] Such a procedure is not without its problems. Criminal responsibility results when each element of the crime charged has been established beyond a reasonable doubt. Coachman v. State, 114 So.2d 189 (Fla.App. 1959), Kilbee v. State, 53 So.2d 533 (Fla. 1951). Only then is the State authorized to exercise its power to impose certain specified sanctions against the offender. The basis of an insanity defense is that a person is unable to form the requisite intent. Since intent is an element of most crimes, lack of intent precludes criminal responsibility. Under the bifurcated system established by our Legislature, no evidence of insanity is admissible during that phase of the trial in which guilt or innocence *793 is determined. Sanity is, in effect, presumed, giving rise to an irrebuttable presumption of the existence of the requisite intent. Thus, the State is relieved of its burden of proving each element of the offense beyond a reasonable doubt because the defendant is precluded from offering evidence to negate the presumption of intent. In reviewing its bifurcated trial statute, in light of the due process argument suggested above, the Arizona Supreme Court concluded:
To prohibit the introduction of any or all the evidence bearing on proof of insanity at the trial of guilt or innocence would deprive a defendant of the opportunity of rebutting intent, premeditation, and malice, because an insane person could have none. The first trial then would involve only proof that an act of a criminal nature had been committed, and that the defendant committed it. In effect, this gives rise to a presumption of intent, premeditation, or malice, which runs counter to the common-law and constitutional concepts of criminal law. The second trial is limited solely to the question of legal insanity, the guilt of the defendant having already been determined. There is no provision, nor realistically would there be, to determine also intent, premeditation, or malice in reduction of the degree of the crime. Thus, the presumption raised in the first trial becomes an irrebuttable presumption. Such a presumption is in violation of due process, as was pointed out in Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 255, 96 L.Ed.2d 288:
.....
Where intent of the accused is an ingredient of the crime charged, its existence is a question of fact which must be submitted to the jury. State v. Shaw, 106 Ariz. 103, 471 P.2d 715 (Ariz. 1970), at 724.
The Wyoming Supreme Court has held its bifurcated trial procedure unconstitutional on similar grounds. Sanchez v. State, 567 P.2d 270 (Wyo. 1977). Under Wyoming's procedure, like that of Arizona's, any evidence going to the issue of insanity is precluded at the trial on guilt or innocence. The court, citing to Shaw, held that a defendant is denied due process of law under the state and federal constitutions, when he is precluded from offering evidence to negate the presumption of intent arising from the fact of the commission of the acts charged. The court concluded that the sanity of an accused is an integral part (element) of a determination of guilt and the state must prove beyond a reasonable doubt each element of the crime charged.
In meeting this burden, the State was impermissibly aided by a presumption of intent which arose before appellant had an opportunity to present his defense of insanity. State v. Shaw, supra. Such a manner of proceeding in criminal cases would reduce the trial to a meaningless sham which operates by tying both of the defendant's hands behind his back. Sanchez, supra, at 280.
The Wisconsin Supreme Court has upheld its bifurcated system holding that it does not violate the requirements of due process of law. State v. Hebard, 50 Wis.2d 408, 184 N.W.2d 156 (Wis. 1971). It is important to note, however, that under Wisconsin law a finding of insanity "is not a finding of inability to intend; it is rather a finding that under the applicable standard or test, the defendant is to be excused from criminal responsibility for his act." State v. Hebard, supra, at 163. Such is not the law in Florida. The M'Naghten rule on insanity, as adopted in Davis, and recently affirmed, as modified in Wheeler, specifically contemplates the lack of an essential element of the crime, i.e., intent.[7] Wisconsin *794 separates the issue of intent from that of insanity and allows the introduction of all evidence relevant to intent in that portion of the trial in which guilt or innocence is determined.[8]
California has had a bifurcated system since 1927 but has managed to salvage that system by allowing evidence of diminished responsibility, going to the issue of intent, during the guilt phase of the trial.[9]People v. Gorshen, 51 Cal.2d 716, 336 P.2d 492 (1959), People v. Wells, 33 Cal.2d 330, 202 P.2d 53 (1949). As in Wisconsin, the issues of intent and insanity are separated and any evidence going to intent is admitted in the first trial on guilt or innocence. The doctrine of diminished responsibility is not available in Florida. Everett v. State, 97 So.2d 241 (Fla. 1957); Ezzell v. State, 88 So.2d 280 (Fla. 1956), and Tremain v. State, 336 So.2d 705 (Fla. 4th DCA 1976). The effect of the bifurcated system as originally established in California has been defeated by altering rules of evidence to admit the very things the system was enacted to restrict. While avoiding due process infirmities, the system as judicially defined, results in a duplication of trials and a redundancy of issues. Isaacs, The Gradual Decay of the Bifurcated Trial System in California and the Emergence of "Partial Insanity." 3 Cal.West.L.Rev. 149 (1967).
After careful review of all the cases dealing with the bifurcated trial system on insanity, we conclude that the system established in Chapter 77-312, Section 1, Laws of Florida, raises an irrebuttable presumption of intent which is contrary to our notions of due process of law. We choose to follow the reasoning of the Arizona and Wyoming courts and hold Chapter 77-312, Section 1 (Section 921.131(1), Florida Statutes [918.017]) unconstitutional under Article 1, Section 9 of the Florida Constitution and the Fourteenth Amendment to the Constitution of the United States.
Our final consideration in this matter is whether or not Chapter 77-312, Section 10, repealing Fla.R.Crim.P. 3.210 is constitutional. The repeal was, without doubt, a valid exercise of the authority granted to the Legislature by Article V, Section 2, Florida Constitution. The issue we must decide is whether Section 10 is severable. An unconstitutional portion of a general law may be deleted and the remainder allowed to stand if the unconstitutional provision can be logically separated from the remaining provisions, i.e., if the expressed legislative purpose can be accomplished independently of those provisions which are void, if the valid and invalid provisions are not inseparable, if the Legislature would have passed one without the other, and if an act complete in itself remains after the invalid provisions are stricken. Presbyterian Homes Synod v. Wood, 297 So.2d 556 (Fla. 1974).
The manifest purpose of Chapter 77-312, Section 1, was to establish a two trial system for the adjudication of guilt and insanity. This procedure being clearly inconsistent with the procedure outlined in Rule 3.210, repeal of the rule was a logical part of the new legislative scheme. The two provisions are so connected and dependent on each other as to warrant the belief that the Legislature intended them as a whole. Where one provision is unconstitutional, all provisions dependent on it must also fall. Re: Advisory Opinion to Governor, 63 So.2d 321 (Fla. 1953), and West v. Hilburn, 70 Fla. 55, 69 So. 784 (1915). The result is the same even though Chapter *795 77-312 contains a severability clause.[10] The test remains whether the portion to be stricken is of such import that the remainder would not be complete or would cause results not contemplated by the Legislature. State ex rel. Lane Drugstores, Inc. v. Simpson, 122 Fla. 582, 166 So. 227 (1935), Louis K. Liggett Co. v. Lee, 109 Fla. 477, 147 So. 463 (1933). We hold that Section 10, which repeals Rule 3.210, is such an integral part of Section 1, that it cannot be severed from it. The question now arises whether or not, as a result of our holding, Fla.R.Crim.P. 3.210 is reinstated? We answer this question in the affirmative. Where a repealing act is adjudged unconstitutional, the statute (or in this case the rule) it attempts to repeal remains in force. Re: Advisory Opinion to Governor, supra, State ex rel. Spitzer v. Mayo, 129 Fla. 426, 176 So. 434 (1937), and Messer v. Jackson, 126 Fla. 678, 171 So. 660 (1936). We hold that Fla.R.Crim.P. 3.210 is in effect and governs the trial of criminal cases in which an insanity defense is presented.
Accordingly, the order of the trial court is affirmed in part and reversed in part and the case remanded for proceedings consistent with the opinions expressed herein.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, SUNDBERG and KARL, JJ., concur.
ENGLAND, J., concurs with an opinion, with which ADKINS, J., concurs.
ENGLAND, Justice, concurring.
I concur with the Court's invalidation of bifurcated insanity proceedings, but I prefer not to ground invalidity on due process considerations.
All of the Court's discussion concerning the legislature's having relieved the state of proving the "intent" element of most crimes, and having created an "irrebuttable presumption" of requisite intent, is accurate only if the second stage of trial is conducted before a jury different from the one which determined the defendant's commission of the physical acts of the crime. While that is a possibility under the statute, it is not a necessity. It is arguable that proof of intent is simply shifted to a later stage of the criminal trial process if the same jury hears both stages.[*] In these cases, due process principles are not so clearly abridged.
Whether the same or a different jury considers insanity, however, it seems clear to me that the legislature overstepped constitutional bounds when it elected to shift the presentation of evidence on the insanity issue into a second stage of trial proceedings. It is our constitutional responsibility alone to prescribe the "course, form, manner, means, method, mode, order, process or steps" by which the substantive elements of a crime are presented in a criminal proceeding. In re Florida Rules of Criminal Procedure, 272 So.2d 65, 66 (Fla. 1972) (Adkins, J., concurring). I would hold Section 921.131(1) invalid as an encroachment on this Court's exclusive power to "adopt rules for the practice and procedure in all courts". Article V, Section 2(a), Florida Constitution.
ADKINS, J., concurs.
NOTES
[1] 921.131 [918.017] Separate proceedings on issue of insanity. 

(1) When in a criminal case it shall be the intention of the defendant to plead not guilty and to rely on the defense of insanity, no evidence of insanity shall be admitted until it is determined through trial or by plea whether the defendant is guilty or innocent of committing or attempting to commit the alleged criminal act. Advance notice of intention to rely upon the defense of insanity shall be given by the defendant as provided by rule. Upon a finding that the defendant is guilty of the commission or attempted commission of the criminal act, a trial shall be promptly held, either by the same trial jury, if applicable, or by a new jury, in the discretion of the court, solely on the question of whether the defendant was sane at the time the criminal act was committed or attempted. The defendant shall have the option, with approval of the court, of waiving the jury trial on the issue of insanity and allowing the determination of sanity to be made by the judge. Evidence may be presented as to any matter that the court deems relevant to the issue of sanity regardless of its admissibility under the exclusionary rules of evidence, except as prohibited by the Constitutions of the United States or State of Florida; provided, however, that the defendant is given the opportunity to rebut any such evidence. If the jury or the judge shall determine that the defendant was guilty of committing or attempting to commit the criminal act and was sane at the time, then the court shall proceed as provided by law. If it is determined that the defendant was guilty of committing or attempting to commit the criminal act but was insane at the time, the court shall adjudicate the defendant not guilty by reason of insanity.
[2] (a) The supreme court shall adopt rules for the practice and procedure in all courts including the time for seeking appellate review, the administrative supervision of all courts, the transfer to the court having jurisdiction of any proceeding when the jurisdiction of another court has been improvidently invoked, and a requirement that no cause shall be dismissed because an improper remedy has been sought. These rules may be repealed by general law enacted by two-thirds vote of the membership of each house of the legislature.
[3] If this act is passed by a two-thirds vote of the membership of each House of the Legislature, Rule 3.210, Florida Rules of Criminal Procedure, as amended, is repealed effective 90 days from the effective date of this act.
[4] In three states where the Legislatures have attempted to abolish the common law defense of insanity the courts have held such attempts unconstitutional. See Ingles v. People, 92 Colo. 518, 22 P.2d 1109 (1933); Sinclair v. State, 161 Miss. 142, 132 So. 581 (1931); State v. Strasburg, 60 Wash. 106, 110 P. 1020 (1910). In Strasburg, the court stated:

We believe enough has been said to show that the sanity of the accused at the time of committing the act charged against him has always been regarded as much a substantive fact, going to make up his guilt, as the fact of his physical commission of the act. It seems to us the law could as well exclude proof of any other substantive fact going to show his guilt or innocence. If he was insane at the time to the extent that he could not comprehend the nature and quality of the act  in other words, if he had no will to control the physical act of his physical body  how can it in truth be said that the act was his act? To take from the accused the opportunity to offer evidence tending to prove this fact is in our opinion as much a violation of his constitutional right of trial by jury as to take from him the right to offer evidence before the jury tending to show that he did not physically commit the act or physically set in motion a train of events resulting in the act. At 1024.
[5] As of this writing only California, Colorado, and Wisconsin retain their bifurcated systems.
[6] In Colorado insanity is determined prior to the trial on guilt. By statute, two separate juries are empaneled. See Colo. Rev. Stat.Anno. Sec. 39-8-3 (1963).
[7] This is further evidenced by Florida's Standard Jury Instruction on Insanity: (b)-1 INSANITY  The law does not hold a person criminally accountable for his conduct while insane, since an insane person is not capable of forming the intent essential to the commission of a crime. A person is sane and responsible for his crime if he has sufficient mental capacity when the crime is committed to understand what he is doing and to understand that his act is wrong. If at the time of an alleged crime a defendant was by reason of mental infirmity, disease or defect unable to understand the nature and quality of his act or its consequences or, if he did understand it, was incapable of distinguishing that which is right from that which is wrong, he was legally insane and should be found not guilty by reason of insanity.
[8] Additionally, in Wisconsin, a defendant may choose whether to be tried under the bifurcated procedure, or whether to proceed with a single trial where both issues are tried together.
[9] Colorado also allows evidence going to intent under the diminished responsibility doctrine. Becksted v. People, 292 P.2d 189 (Colo. 1956).
[10] Section 11. If any provision of this act or the application thereof to any person or circumstance is held invalid, the invalidity shall not affect other provisions or applications of the act which can be given effect without the invalid provision or application, and to this end the provisions of this act are declared severable.
[*] The Florida statute operating in this fashion is, in effect, no different from California's, about which the California Supreme Court said:

"It is to be remembered that in the eyes of the law there is still only one trial ... but the trial is broken up into two sections or stages if insanity is pleaded as a defense." People v. Wells, 33 Cal.2d 330, 349, 202 P.2d 53, 65, cert. denied, 338 U.S. 836, 70 S.Ct. 43, 94 L.Ed. 510 (1949).