358 So.2d 1182 (1978)
Wilfred A. BANNISTER, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 78-245.
District Court of Appeal of Florida, Second District.
May 24, 1978.
*1183 Joseph B. Whitebread, Jr., of Dempsey & Slaughter, Tampa, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for respondent.
BOARDMAN, Chief Judge.
Petitioner Wilfred A. Bannister, Jr., has come to this court seeking review of an order taxing costs. We have examined his arguments and find that they have merit. Accordingly, we grant certiorari.
The state sought permission from the trial court to have a psychiatrist examine petitioner who was relying on an insanity defense in his trial on charges of sexual battery and kidnapping. Petitioner's counsel agreed to the examination on the condition that he be allowed to be present during the interview. The court ruled that petitioner's counsel could be present at the examination.
Although the record is unclear, it appears that the state attorney's office informed petitioner's counsel's secretary of the time for which the examination of petitioner was set, but that she never gave the message to counsel. In any event when the psychiatrist employed by the state attorney arrived from Miami to interview petitioner, defense counsel was not present and when contacted refused to waive his right to be present. Petitioner refused to talk to the psychiatrist. The psychiatrist returned to Miami without examining petitioner and sent a bill to the state attorney for his time and expenses totaling $1,220. The state thereafter filed a motion to tax the psychiatrist's bill to petitioner, and the trial court granted that motion.
In reviewing the court's order, we take no position as to who was at fault in this episode.[1] We reverse solely on the ground that we do not believe that the trial court had the power to require petitioner to pay the psychiatrist's fee and expenses either as a sanction or as costs.
Although the state's motion was styled a motion to tax costs, it appears that it was intended as a request for imposition of a sanction rather than costs in the strict sense and was considered by the trial court as a request for a sanction. Florida Rule of Criminal Procedure 3.220(j) controls the imposition of sanctions for failure to abide by rules of discovery in criminal cases, and it provides that the court may impose sanctions only when a party has violated a discovery rule. We are unable to find any discovery rule which would have compelled a psychiatrist examination of petitioner. Certainly, Florida Rule of Criminal Procedure 3.220 does not. Furthermore, at the time the state sought to examine petitioner Florida Rule of Criminal Procedure 3.210, which pertains to examination of a defendant who asserts an insanity defense, stood repealed by Section 918.017, Florida Statutes (1977).[2]
Even if we treat Rule 3.210 as a rule of discovery and if it had been effective at the time this controversy arose, petitioner is not subject to imposition of a sanction because he did not violate nor fail to comply with the rule. Under Rule 3.210 when a defendant raises the defense of insanity at the time of the offense the court must allow the state attorney's psychiatric expert witness access to the defendant for examination and observation. The court, however, cannot compel the defendant to cooperate with the psychiatrist by answering *1184 questions posed as part of the mental examination. Parkin v. State, 222 So.2d 457 (Fla. 1st DCA 1969); see State v. Battle, 302 So.2d 782 (Fla. 2d DCA 1974). Nonetheless, the state is not disadvantaged in this regard since in appropriate circumstances, such as total noncooperation with any psychiatrist save his own, the court may properly refuse to admit any evidence propounded by the defendant relevant to the issue of his sanity. McMunn v. State, 264 So.2d 868 (Fla. 1st DCA 1972).
Viewing the motion by the state as a motion to tax costs, the trial court was also without authority to enter the order at issue here. The most obvious requirement not satisfied by these facts is that petitioner had not been convicted when the request was made or the order was entered. See § 939.01, Fla. Stat. Moreover, none of the statutes specifying taxable costs in a criminal proceeding pertain to examination of petitioner by the psychiatrist employed by the state attorney. The only expert witness fees taxable to a defendant as costs are those reasonable fees of an expert subpoenaed to appear and testify before the state attorney or of a court appointed psychiatrist who testifies in a criminal trial. §§ 90.231, 914.06, 918.11, Fla. Stat. In all other instances costs incurred by a witness in a criminal case, including one who qualifies and testifies as an expert, are taxable only to the extent authorized by Section 90.14, Florida Statutes, that is five dollars per day of attendance plus six cents per mile travel expenses.[3] None of these statutes are applicable to the case before us.
We grant the petition for writ of certiorari. We reverse the order taxing costs to the defense and remand the case for further proceedings consistent with this opinion.
HOBSON and RYDER, JJ., concur.
NOTES
[1] We of course do not consider whether the actions of petitioner and his counsel were such as could subject them to the contempt powers of the court. Suffice it to say, that if we were to view this order as a contempt citation, we would have to reverse on the ground that the court did not follow the procedures provided for contempt proceedings. See Fla.R.Crim.P. 3.840.
[2] The Supreme Court of Florida has since declared § 918.017, Fla. Stat. (1977) to be unconstitutional, thereby reinstating Rule 3.210. State ex rel. Boyd v. Green, 355 So.2d 789 (Fla. 1978).
[3] An exception is the interstate extradition witness specifically provided for in §§ 942.01-.06, Fla. Stat.