SCHWARTZ, Judge.
The state appeals from orders discharging the defendants. We hold that the trial judge correctly concluded that the provisions of the speedy trial rule, Fla.R.Crim.P. 3.191(a)(1) precluded the state from further prosecution and therefore affirm the determinations below.[1]
Andrews and Richburg were arrested by Federal Drug Enforcement Administration agents, on July 23, 1977 on charges of federal narcotics law violations arising from transactions between the defendants and the arresting agents, Brown and Johnson, which occurred on May 23, 1977 and June 1, 1977. The case proceeded in the Miami Federal District Court until, after the jury had been sworn and jeopardy had attached, the case was dismissed and the defendants discharged because of an irremediable defect in the indictment against them. Only then did Johnson and Brown bring the ease to the attention of state prosecuting authorities. On January 13, 1978, they appeared at the Dade County State Attorney’s office to give sworn testimony in support of informations and arrest warrants charging the defendants with violations of state law based upon the very same conduct for which they had been acquitted in the federal court. The informations were in fact duly issued on the same day, and the defendants were subsequently taken into state custody. Soon after, in March, 1978, the defendants moved for discharge under the speedy trial rule, on the ground that more than 180 days had elapsed since their federal arrest in July, 1977. The trial court granted their motions on April 10, 1978 and these appeals followed.
We think that affirmance is mandated in these cases simply by comparing the language of the applicable rule with the admitted facts. Fla.R.Crim.P. 3.191(a)(1) requires, of course, that a person charged with a felony must be brought to trial within 180 days. It provides:
“The time periods established by this section shall commerce when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged.”
There is no question that both defendants were taken into custody on July 23, 1977 “as a result of the conduct . . . giving rise to the crime charged . . .,”[2] and that July 23, 1977 is more than 180 days prior to the discharge. That should be the end of it.
The state contends, however, that the rule should be “interpreted” so as to accommodate the fact that both the state and the federal government may exercise “dual sovereignty” over a defendant, with each maintaining independent prosecutions for the same criminal conduct and with each proceeding unaffected by the other. Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). This interpretation would require that the rule be read to provide that the defendant must be “taken into [state] custody” or “taken into custody [by state authorities]” ... in order to start the speedy trial time running. To *612 hold otherwise, the state says, would be to countenance an “absurd” rule that federal authorities could completely frustrate Florida’s prosecution of crime simply, as in this case, by not telling state authorities of an arrest. We cannot agree.
The insurmountable difficulty which these contentions present is that they are directed to the wrong tribunal. It is apparent that the state asks us not to interpret the rule but to rewrite it; we simply lack the authority to do so. As the Supreme Court said, in dealing with the speedy trial rule in State v. Lott, 286 So.2d 565, 566 (Fla.1973):
“ . . . Sub judice, the trial court erred in failing to observe Rule 3.191(b)(1), which rule the state attorney had fully complied with, and in finding that this Court had abused its discretion in promulgating said rule. Rules of practice and procedure adopted by this Court are binding on the court and clerk as well as litigants and counsel.”
We held similarly in State v. Battle, 302 So.2d 782, 783 (Fla. 3rd DCA 1974), that “[t]he plain language of the rules promulgated by the Supreme Court of Florida are binding upon the trial and appellate courts.” It is not necessary to invoke the familiar doctrine that similar provisions are to be construed strictly against the state and in favor of the defendant, cf. Reino v. State, 352 So.2d 853, 860 (Fla.1977), to conclude that Rule 3.191(a)(1) says what it means and means what it says contrary to the state’s position.
We might note, however, that, apart from perhaps presenting an argument which might be made to the Supreme Court for an amendment to the rule, the practical effect of the holding in this case is merely to require that federal arresting authorities cooperate with Florida officials by telling them that an arrest has been made so that “dual” prosecutions could, if desired, be commence.[3] This seems, on the face of it, neither an “absurd” requirement nor one which is too much to expect. While the state contends that it should not be penalized for the fault of the federal agents, surely the defendants may not be deprived of their rights under the rule when only governmental officials, of whatever jurisdiction, and not they, were responsible for the failure of the prosecution against them. Cf. Stuart v. State, 360 So.2d 406, 413 (Fla.1978).
Affirmed.

. Because of this conclusion, we pretermit consideration of the propriety of the lower court’s alternative holding that the defendants had been deprived of their constitutional right to a speedy trial.

. There is no dispute that both defendants were “continuously available for trial” during the pertinent period.

. The trial judge found below:
“17. The Court finds that it is more than coincidental that United States Drug Enforcement Administration Agents Johnson and Brown waited until after the unsuccessful outcome of the Federal prosecution to initiate the present pending charges before this Court.”
Sji Sfc * ífc *
“21. Nothing in the record before this Court has shown that any impediment existed to prevent dual and simultaneous prosecutions for the criminal conduct or criminal episode giving rise to the offenses charged in the Informations filed before this Court and giving rise to the offenses charged in the aforementioned Federal Indictment. However, for whatever reason, no such dual and simultaneous prosecution was initiated. Not until an unfavorable result had been reached in the Federal Court did the arresting agents determine or decide to proceed with State charges against these Defendants for the conduct or criminal episode in question.”