MASON (Circuit Judge, Retired), Associate Judge:
This is an appeal from judgments of conviction and sentences of life imprisonment to run consecutively upon jury verdicts of guilty of the crimes of murder in the first degree and armed robbery.
Appellant has raised several points on appeal.
Under Point I appellant contends that he was denied due process of law in that his defense of insanity raised in the trial was unconstitutionally limited by the application below of a bifurcated trial system. We do not agree and affirm.
Confusion resulted in this case because at the time the trial was held the statute prescribing a bifurcated trial when the issue of insanity is raised was in effect (F.S. 918.017, 1977), and the case of State Ex Rel. Boyd v. Green, Fla., 355 So.2d 789, 1978, was pending in the Supreme Court, which later declared the bifurcated trial statute unconstitutional. However, a reading of the record herein shows clearly that even though the trial court recognized the existence of F.S. 918.017, and although notice of intention to rely upon the defense of insanity was not filed until the day of the trial in violation of the rule regarding reliance upon such defense (Rule 3.210, Fla.R. *CXVI Crim.P.), the trial court permitted the appellant to present evidence during the guilt phase of the trial upon this issue of insanity. On this issue appellant’s counsel called four lay witnesses who testified as to appellant’s propensity for intoxication and that he was violent and excitable and evinced a different personality when he was drunk. None of them testified that at the time of the commission of the crimes in question the appellant was insane within the definition of that term under Florida law so as to excuse him from the consequences of his acts on the ground of insanity. Their testimony concerned his behavior in general when drunk and did not relate to the time when the offenses were committed. Also they testified that even when he was drunk he appeared to be rational and to know what he was doing. This testimony clearly was insufficient to overcome the presumption of sanity and did not present a reasonable doubt of sanity which would cause the presumption to vanish and require the prosecution to overcome such reasonable doubt. 9 FlaJur., p. 65, Section 41, and cases therein cited. However, the State did present the testimony of a psychiatrist in rebuttal who testified, in effect, that it was his opinion that under the Florida test of sanity, appellant was sane at the time of the commission of the crimes in question.
Appellant complains that the court erred in refusing his proffer of the testimony on this issue of insanity of a news reporter who would testify, if permitted, that appellant had falsely confessed to him that he, the appellant, committed another murder which, upon the reporter’s investigation, convinced him that appellant was lying about such other crime. This was not relevant testimony on the issue of appellant’s sanity at the time of the commission of the alleged crimes and was properly excluded by the trial court. Our review of the record convinces us that the trial court did not improperly limit or prohibit appellant from developing the defense of insanity as contended by him.
The next complaint of appellant under Point I of this appeal is that the trial court erred in not instructing the jury on the issue of insanity. We find no evidence in the record supporting this defense and the court below did not err in refusing the requested charge on this issue. Such a charge would have been inappropriate and erroneous under the circumstances of this case. The notion of having to charge the jury on something on which there is no proof makes a mockery of the trial where there is no support in the record for such an instruction. Gilford v. State, Fla., 313 So.2d 729.
The trial court properly instructed the jury on intoxication and its effect upon the issue of appellant’s intent.
Finally on this point the appellant’s claim that the trial court erred in not instructing the jury on the effect of a verdict of not guilty by reason of insanity is likewise not well-taken. We hold that for the same reason which made it inappropriate for the trial court to charge the jury upon insanity as a defense, the trial court was not in error in refusing to instruct the jury as to the consequences of a verdict of not guilty by virtue of insanity. Appellant’s reliance upon Roberts v. State, Fla., 335 So.2d 285 (1976) is not well-founded because unlike the situation in Roberts there is in this case no evidence upon which the jury could have reached such a verdict.
At oral argument appellant’s counsel announced his abandonment of Point III. We find that the other points raised are not well-taken.
Affirmed.
McCORD, Acting C. J., and SHIVERS, J., concur.