392 So.2d 1315 (1981)
James A. MORGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 53418.
Supreme Court of Florida.
January 15, 1981.
Richard L. Jorandby, Public Defender, Craig S. Barnard, Chief Asst. Public Defender and Jerry L. Schwarz and Jack A. Goldberger, Asst. Public Defenders, West Palm Beach, for appellant.
*1316 Jim Smith, Atty. Gen. and Paul H. Zacks and Russell S. Bohn, Asst. Attys. Gen., West Palm Beach, for appellee.
PER CURIAM.
The appellant, James A. Morgan, age sixteen, was convicted of first-degree murder. The trial judge imposed the death sentence in accordance with the jury's advisory sentence recommendation. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
The appellant pleaded not guilty and not guilty by reason of insanity. He was convicted and sentenced under a bifurcated trial procedure adopted by the 1977 legislature and prescribed in section 918.017(1), Florida Statutes (1977). One phase of the procedure determined appellant's guilt and the second determined that appellant was sane at the time of the offense. Subsequent to trial and while this matter was pending on appeal, we declared section 918.017(1)'s bifurcated trial procedure unconstitutional because it denied a defendant his right of due process of law. State ex rel. Boyd v. Green, 355 So.2d 789 (Fla. 1978). In so holding, we stated:
The basis of an insanity defense is that a person is unable to form the requisite intent. Since intent is an element of most crimes, lack of intent precludes criminal responsibility. Under the bifurcated system established by our Legislature, no evidence of insanity is admissible during that phase of the trial in which guilt or innocence is determined. Sanity is, in effect, presumed, giving rise to an irrebuttable presumption of the existence of the requisite intent. Thus, the State is relieved of its burden of proving each element of the offense beyond a reasonable doubt because the defendant is precluded from offering evidence to negate the presumption of intent.
Id. at 792-93. We concluded that because this bifurcated proceeding raised an irrebuttable presumption of intent, it was contrary to due process.
The state contends that appellant's failure to object to the validity of the bifurcated insanity procedure at trial prevents him from asserting that issue before this Court. We reject this contention and find that, under the circumstances of this case, our decision must be determined by the law as it exists at the time of this appeal. Wheeler v. State, 344 So.2d 244 (Fla. 1977); cf. Florida E. Coast Ry. v. Rouse, 194 So.2d 260 (Fla. 1967). Consequently, our holding in State ex rel. Boyd that section 918.017(1) was unconstitutional as violative of due process must be applied to this case which was pending on appeal at the time of our State ex rel. Boyd decision. We also conclude that this bifurcated insanity procedure's due process violation as established in State ex rel. Boyd concerns the element of intent to commit a crime and, therefore, adversely affects the truth-finding function. Given the circumstances of this cause, prejudice is apparent and fairness dictates that the defendant be afforded a new trial.
With this holding, it is unnecessary that we address appellant's other issues. We do, however, direct the trial court's attention to our recent decision in Lane v. State, 388 So.2d 1022 (Fla. 1980), concerning competency to stand trial.
Accordingly, we vacate both the judgment and sentence and remand for a new trial subject to the trial court's finding appellant competent to stand trial.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.