## STATE OF FLORIDA v MORITT

### Case No. 89-17408

Thirteenth Judicial Circuit, Hillsborough County

October 18, 1990

**APPEARANCES OF COUNSEL**

**John Valenti, Esquire,** Assistant State Attorney, for plaintiff.

**Paul Jeske, Esquire,** and **B. Anderson Mitcham, Esquire,** for defendant.

**OPINION OF THE COURT**

RICHARD A. LAZZARA, Circuit Judge.

*ORDER FINDING DEFENDANT ENTITLED TO CERTIFICATE OF PAYMENT OF COSTS*

THIS CAUSE came on before the Court on October 15, 1990 on the Defendant's Motion to Tax Costs. The Court treated the motion as an application for a Certificate of Payment of Costs pursuant to Florida Statute 939.06. At that time the State of Florida argued that the Defendant was not entitled to such a certificate in that she had not been "acquitted or discharged" within the meaning of the statute. Given the importance of the issue raised the Court reserved ruling on

the motion and after carefully considering the law issues the following ruling.

The Defendant was charged with murder in the first degree and interposed the defense of insanity. On April 7, 1990 the jury impanelled to try the case found the Defendant not guilty by reason of insanity. Thereafter, the Court entered orders, without objection from the Defendant, dated April 10, 1990 and October 15,1990 directing that she undergo outpatient mental health treatment with her treating psychiatrist. These orders were predicated on Florida Rule of Criminal Procedure 3.217 which provides for a Court's continuing jurisdiction over a defendant found not guilty by reason of insanity. This rule also grants to the Court the authority to ultimately discharge such a defendant. Therefore, since the Defendant is still under the law jurisdiction of the Court she has not been discharged.

In that the Defendant must meet the criteria of either having been acquitted or discharged in order to be entitled to the benefits of Florida Statute 939.06, the issue now becomes whether the Defendant has been acquitted of the crime of murder in the first degree by virtue of the jury's verdict of not guilty by reason of insanity. The Court determines that she does satisfy this alternative statutory criteria.

In reflecting upon the State's primary argument[1] the Court is of the opinion that what the State is saying is that even though the jury found the Defendant not guilty by reason of insanity it also had to find that she committed the crime and thus she has not been acquitted. While it is true that the Florida Standard Jury Instruction on Insanity, Instruction 3.04(b), seems to lead to this conclusion, the Court finds this argument unpersuasive based on *State ex rel. Boyd v Green,* 355 So.2d 789 (Fla. 1978).[2] In that case the Florida Supreme Court found unconstitutional a statutory scheme mandating a bifurcated trial system in a criminal setting in which insanity was raised as a defense. Finding that such a procedure was fraught with problems, the Court stated:

. . . Criminal responsibility results when each element of the crime

---

[1] The State also argued that the intent of this statute was to protect one who has been falsely accused of a crime. This is not the law in Florida. *Cavanaugh v Coe,* 439 So.2d 313 (Fla. 2d DCA 1983) (There is no exception, express or implied, in Florida Statute 939.06 which grants a Trial Court the authority to deny a Certificate of Payment of Costs because the Defendant is factually guilty even though found not guilty by the jury.)

[2] The State cited to *Hill v State,* 358 So.2d 190 (Fla. 1st DCA 1978) in support of its position. It is significant to note, however, that *Hill* cited to *Green.* Moreover, to the extent that *Hill* appears to conflict with *Green,* this Court is bound by the Florida Supreme Court's decision in *Green.*

charged has been established beyond a reasonable doubt. (cites omitted) Only then is the State authorized to exercise its power to impose certain specified sanctions against the offender. The basis of an insanity defense is that a person is unable to form the requisite intent. Since intent is an element of most crimes, lack of intent precludes criminal responsibility. 355 So.2d 792-793.

In this case the State had the burden of proving beyond a reasonable doubt premeditation on the part of the Defendant in effecting the death of the victim. The jury's verdict obviously found that the State had not carried this burden as to this crucial element of intent. Thus the jury found by its verdict that the lack of premeditation precluded criminal responsibility and absolved the Defendant of any such responsibility for the crime charged. By absolving the Defendant of criminal responsibility the jury necessarily acquitted her thus precluding the imposition of sanctions. In essence, the jury delivered or set her free from the charge of guilt. Black's Law Dictionary 41 (4th ed. 1951)[3]

Moreover, the Court finds nothing expressed or implied in Florida Statute 939.06 that manifests any intent on the part of the legislature to deny the benefits of this statute to a person found not guilty by reason of insanity. Indeed, it is important to note that in Florida Statute 916.15, which provides a procedure for involuntary commitment of a person found not guilty by reason of insanity, the legislature used the following phraseology: "A person who is *acquitted* of criminal charges because of a finding of not guilty by reason of insanity. . ." Florida Statute 916.15(1) (emphasis supplied) and "Every person *acquitted* of criminal charges by reason of insanity. . ." Florida Statutes 916.15(2) (emphasis supplied). This is a clear indication of legislative intent that the legislature does indeed consider a person found not guilty by reason of insanity to have been acquitted of the criminal charge or charges lodged against him or her.

Accordingly, for the reasons expressed, the Court determines that the Defendant has in fact been acquitted of the crime of murder in the first degree by virtue of the jury's finding of not guilty by reason of insanity and she thus is entitled to the benefits of Florida Statute 939.06. In that regard the Court is issuing and filing a Certificate of Payment of Costs contemporaneously with the filing of this Order.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, on this the 18th day of October, 1990.

---

[3] This definition of "acquittal" from Black's Law Dictionary was furnished to the Court by the State of Florida.