PER CURIAM.
The State filed a petition for writ of common law certiorari requesting review of the trial court’s order denying the State’s motion for neuropsychological examination prior to a hearing on respondent’s competency to stand trial. We deny review.
The trial court appointed two experts to examine the respondent. Additionally, the respondent’s own expert examined him. The State’s motion for access to the respondent to permit examination by its expert was denied without prejudice to renew it if it later appeared that one of the experts had relied upon the findings of another expert instead of conducting an independent examination, or if the defense expert acted as an advocate rather than as an independent examiner. The State renewed its motion, and it was again denied without prejudice to renew at the close of the competency hearing if it appeared at that time that one or more of the experts did not conduct a truly independent examination.
The State does not argue that the order denying access without prejudice will substantially impair the State’s ability to prosecute this ease, the standard required for certiorari review of pretrial orders in criminal proceedings. State v. Pettis, 520 So.2d 250, 253 (Fla.1988). Further, the State has not demonstrated the existence of irreparable harm as required by Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987), because this order was entered without prejudice and subject to reconsideration at the time of the competency hearing.
Finally, the State has failed to demonstrate that the trial court departed from the essential requirements of the law. The State relies on State v. Battle, 302 So.2d 782 (Fla. 3d DCA1974) and Bannister v. State, 358 So.2d 1182 (Fla. 2d DCA) cert. denied, 364 So.2d 891 (Fla.1978). Both Battle and Bannister involved orders denying the State’s expert access to a defendant who had raised the insanity defense, contrary to the requirements of former rule 3.210(c), Florida Rules of Criminal Procedure (now Fla.R.Crim.P. 3.216(h)). However, unlike the rule on the *862 insanity defense, the rules governing the determination of the defendant’s competency to stand trial do not specifically authorize the State to call its own expert at the competency hearing. See Fla.R.Crim.P. 3.210-3.212.
Accordingly, for all of the above reasons, certiorari is denied.
HERSEY, WARNER and PARIENTE, JJ., concur.