ENGLAND, Justice.
By petition for a writ of mandamus, we are presented with two interrelated questions affecting indigent criminal defendants and the costs of their defense. Relators are indigent defendants represented by the public defender’s office in criminal cases which were docketed for trial in November before respondents, judges in the Sixteenth Judicial Circuit (Monroe County).
In November 1976, respondents issued an administrative order requiring court, or court executive, approval of all applications for payment of court reporters’ fees incident to the taking of depositions. In March 1977, the court executive indicated by memorandum that copies of all depositions furnished to the public defender must be charged to ’that office rather than to the county.
Facing November trials, relators filed motions to obtain court reporter services for discovery depositions, for continuances of the November trials not to be charged against them as a waiver of speedy trial rights, and for other relief. They alleged, collectively, that their 33 cases require the taking of 216 depositions of individuals named on the state’s witness lists, and that these cases cannot be properly prepared for trial without the depositions. They further alleged that without copies of depositions they would be denied the effective assistance of counsel, yet the office of the public defender has no funds budgeted or appropriated to purchase such copies. Finally, they alleged that there are substantial delays in obtaining the services of official court reporters in Monroe County, who provide services only on a “time available basis” by order of the circuit court, and that without the requested continuances they would effectively, be deprived of their right to a speedy trial.
On October 26,1977, respondent Chappell entered an order authorizing the public defender to employ private court reporters at county expense for the taking of discovery depositions, but he refused to allow the cost of copies to be charged to the county. He also denied the request for non-waiver continuances. On October 27, an affidavit was filed by the deputy public defender stating that the only two private court reporting firms in Key West were unwilling to render *383 any services to the public defender because the office was unable to purchase copies of depositions.
Relators filed for emergency relief in this Court alleging that they are confronted with a “Hobson’s choice” of having to go to trial without adequate preparation or being forced to waive their speedy trial rights. We issued an alternative writ directing respondents to show cause why mandamus should not be issued as requested. As we view the dilemma in Key West, there are two distinguishable issues to be addressed— the right of indigent defendants to be furnished copies of discovery depositions at county expense, and entitlement to continuances without forfeiture of the right to a discharge under our speedy trial rule where trial preparation is impeded by practical limitations on discovery opportunities.
Relators assert a right to discovery deposition copies at county expense under Florida Rule of Criminal Procedure 3.220(k), which provides:
“After a defendant is adjudged insolvent, the reasonable costs incurred in the operation of these rules shall be taxed as costs against the county.”
Relators argue that depositions are essential to the effective assistance of counsel and the right to confront witnesses guaranteed by the Sixth Amendment.[1] Respondents answer that there is no authority for imposing the costs of copies on the county, and that in any event the effect of refusing to furnish free copies to the public defender is harmless since the originals of all depositions are available in the court’s files. We agree with respondents that existing statutes and court rules do not authorize taxing the cost of all deposition copies to a county.[2]
In the present case, respondents attempted to assure relators that prompt discovery would be available to them by requiring the county to bear the cost of transcribing required depositions. Though their effort may have failed because the private court reporters in Key West refuse to provide services unless deposition copies are purchased, the services of official court reporters are available to provide adequate discovery. Whether private reporters recant or delayed official reporting is utilized, original depositions will be available in the court file for trial preparation, and even though the public defender will suffer some inconvenience in not having individual copies of the depositions at his office, we reject the suggestion that relators are for that reason denied the effective assistance of counsel.
The more difficult issue is whether the right to a speedy trial under Florida Rule of Criminal Procedure 3.191 is forcibly “waived” by the necessity of having to await official reporting services not now available in Key West. Relators argue that they should not be forced to sacrifice the possibility of a speedy trial discharge when the continuance they have requested is necessary to protect another fundamental right[3] — the effective assistance of counsel. We hold, however, that the right must be relinquished so long as relators insist on reporter-transcribed deposition discovery for the preparation of their defenses.
Under Rule 3.191(a)(1), a person charged with a crime and continuously available for trial is entitled to be discharged, without demand, if not brought to trial within 90 or 180 days (depending on the crime charged) of being taken into custody. Under Rule 3.191(d)(2)(iii), these time limits may be extended by the court if the accused shows good cause — that is, asks for a waiver. Re-lators sought trial continuances which would not waive the time limits for discharge in Rule 3.191(a)(1).[4] When their *384 conditional request was denied they did not lose their speedy trial rights at the expense of effective legal representation. First, they can pursue discovery by means other than reporter-transcribed depositions.[5] Second, even if they may be forced to relinquish a 90 or 180 day automatic discharge by insisting on that means of discovery, they may still accelerate their trials by making a demand for trial as soon as their preparation for trial is complete. See Fla.R.Crim.P. 3.191(a)(2); State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971); State ex rel. Gadson v. Tyson, 334 So.2d 56 (Fla. 4th DCA 1976); Coppola v. State, 318 So.2d 181 (Fla. 2d DCA 1975).
As regards the refusal of the private court reporters in Key West to provide reporting services to the public defender, we must recognize that their court reporting is a private business activity uncontrolled by the state, and that these reporters have the same right to condition or withhold their services as any other entrepreneur. Until their status is validly changed by law, customers to whom they refuse their services will either have to rely on “official” court reporters or devise alternate means for conducting discovery.
There being no legal basis for the relief sought, the emergency alternative writ of mandamus which we entered on November 17, 1977, is dissolved, and the petition for writ of mandamus is hereby denied.
It is so ordered.
OVERTON, C. J., and BOYD, HATCH-ETT and KARL, JJ., concur.'

. Cf. Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).

. We recognize, of course, that copy costs may be taxed to a county in specific cases when, upon application, a trial judge approves the taxation based on express finding that transcription copies are necessary for trial.

. State ex rel. Johnson v, Edwards, 233 So.2d 393, 395-96 (Fla.1970).

. Had relators sought continuances on the basis of an inadequate opportunity for discovery under Rule 3.191 (d)(2)(iii) and agreed to waive the time limits for discharge, we have no reason to assume that their requests would have *384 been denied. See Fla.R.Crim.P. 3.190(g)(2) and 3.220(d).

. Electronic means of recording have been approved by this Court and are, of course, available to the public defender’s office in Key West upon request. See Fla.R.Civ.P. 1.310(b)(4), as amended in In re The Florida Bar, 265 So.2d 21, 28 (Fla.1972), and in In re The Florida Bar, Rules of Civil Procedure, 339 So.2d 626, 628 (Fla.1976).