DANAHY, Judge.
On behalf of Dr. Lawrence Hughes, an Associate Medical Examiner, the state petitions for writ of certiorari to review the lower court’s order denying the state’s motion to tax Hughes’ expert witness fee as costs against Glades County in the criminal case, State v. Lonnie Lee White. We grant the writ and quash the order.
Lonnie Lee White, an indigent, was charged with committing manslaughter by automobile while intoxicated in Glades County. Trial venue was changed to Charlotte County.
Dr. Hughes, who had performed the autopsy on the victim, was subpoenaed by the prosecutor to testify at trial. He testified at trial concerning the cause of the victim’s death. The prosecutor also intended to call him as an expert in histology, concerning the physiological effects of given blood alcohol levels on the human body, but the defendant unexpectedly pled guilty in the middle of trial, and that testimony was not needed. Dr. Hughes also attended a pretrial conference. Dr. Hughes had to travel from Fort Myers to Punta Gorda, where the trial was held, twice — the prosecutor had him appear on the first day of trial, but was unable to get his testimony in, so he had to go back the second day to testify.
Following the trial the prosecutor filed in the Glades County Circuit Court a motion to tax costs of $700 for Hughes’ services based on a statement from the Medical Examiner’s office. That statement listed charges of $700 for a one-hour pretrial conference, two and a half hours for Hughes’ court appearance for the first day of trial, and three and a half hours for his court appearance the seeond day of trial; the charges were calculated on the basis of an hourly rate of $100.
A hearing was held on the motion, which was opposed by Glades County. Dr. Hughes testified that he was simply an employee of Pathology Associates Lab and had nothing to do with setting the fee for his services; his organization charged by the hour for the services of its medical examiners, and he had no knowledge of the hourly rate charged. Martha Lee Sherman, an executive secretary responsible for billing at the Medical Examiner’s office, testified that the office’s usual fee for court appearances was $100 per hour. The prosecutor testified that he believed that in view of the doctor’s qualifications and the time he expended, the $700 fee sought was reasonable.
The lower court denied the motion to tax costs on two grounds: First, the court ruled that Section 914.06, Florida Statutes (1977) requires that an expert witness for the state or an indigent defendant is not entitled to an expert witness fee unless the party calling him files prior to trial a motion seeking his attendance at trial. Here the state had merely subpoenaed the doctor by means of a praecipe for subpoena. Second, the court found that no evidence was presented as to the reasonableness of the $700 witness fee sought.
Under the circumstances sub judice, an expert witness must come within the terms of Section 914.06 in order to be entitled to an expert witness fee. 1972 Op. Att’y Gen. Fla. 072-82 (March 21, 1972).
Section 914.06, Florida Statutes (1977) provides:
In a felony case, on motion of the state or an indigent defendant, the court may require the attendance of an expert witness whose opinion is relevant to the issues of the case. The court shall award reasonable compensation to the expert witness that shall be taxed as costs in the same manner as other costs.
We do not believe that this statute mandates denial of an expert witness fee under the circumstances of the case at bar. A trial court may, of course, quash the issuance of a subpoena to an expert witness when it deems the testimony of such a *1216 witness irrelevant to the issues of the case. However, if the witness is subpoenaed and does testify (or, as was the case here, he appears at trial, but his testimony is rendered unnecessary due to a change of plea or the declaration of a mistrial), he is entitled to an expert witness fee.
Because this is so we grant certiorari, quash the order, and remand the cause with instructions to award an expert witness fee. While there was some testimony concerning the reasonableness of the fee sought, i. e., that of the prosecutor, the trial court may, if it deems it advisable, hold a further hearing to determine the amount of the fee to be awarded.
HOBSON, Acting C. J., and OTT, J., concur.