Mr. Burt L. Saunders County Attorney Collier County Building F Collier County Courthouse Naples, Florida 33962 Attention: Bruce Anderson Assistant County Attorney
Dear Mr. Saunders:
Subsequent to the issuance of AGO 84-26, this office has received numerous inquiries from various State Attorneys and Public Defenders concerning the counties' liability for "costs" incurred in the course of criminal prosecutions. With your concurrence, I am in the public interest, issuing this supplemental opinion, which addresses specific questions that have been posed by various public officials. To the extent there is any conflict with that opinion or with any earlier opinion of this office (particularly with respect to issues presented by the specific questions discussed herein), this opinion represents this office's interpretation of current statutory and decisional law and supersedes all other earlier opinions of this office. Specific questions which have been posed are as follows:
 1. WHETHER THE BOARD OF COUNTY COMMISSIONERS IS OBLIGATED TO PAY THE FEES AND COSTS OF EXPERTS AND OTHER POTENTIAL WITNESSES CONSULTED PRIOR TO TRIAL BY EITHER THE STATE ATTORNEY OR THE PUBLIC DEFENDER?
 2. WHETHER THE BOARD OF COUNTY COMMISSIONERS IS OBLIGATED TO PAY COURT REPORTER COSTS INCURRED BY THE STATE ATTORNEY IN THE INVESTIGATION OR TRIAL OF CRIMINAL DEFENDANTS?
 3. IS THE BOARD OF COUNTY COMMISSIONERS OBLIGATED TO PAY FOR THE COSTS OF A DEPOSITION BY THE STATE ATTORNEY OF A DEFENSE WITNESS IN CRIMINAL CASES WHEN SAID DEPOSITION IS TAKEN AFTER THE FILING OF AN INFORMATION OR INDICTMENT?
 4. IS THE BOARD OF COUNTY COMMISSIONERS OBLIGATED TO PAY FOR THE COST OF THE STATE ATTORNEY OBTAINING A COPY OF A DEPOSITION OF A STATE WITNESS TAKEN BY THE PUBLIC DEFENDER, COURT APPOINTED COUNSEL, OR PRIVATELY RETAINED COUNSEL IN CRIMINAL CASES AFTER THE FILING OF AN INFORMATION OR INDICTMENT?
 5. WHEN TRAVEL EXPENSES ARE INCURRED BY A PUBLIC DEFENDER OR STATE ATTORNEY IN CONNECTION WITH OUT-OF-JURISDICTION DEPOSITIONS PURSUANT TO FLA.R.CR.P. 3.220(k), MUST THE COUNTY PAY SUCH TRAVEL EXPENSES, OR MUST SUCH COSTS BE TAXED AGAINST THE PUBLIC DEFENDER'S OR STATE ATTORNEY'S RESPECTIVE OPERATING BUDGETS?
 6. IF AFTER THE FILING OF AN INFORMATION, A STATE ATTORNEY'S INVESTIGATOR TRAVELS OUT OF THE STATE IN ORDER TO LOCATE A CERTAIN WITNESS NEEDED IN THE PROSECUTION OF THAT CASE AND INTERROGATES THE WITNESS, SHOULD THE TRAVEL EXPENSES OF THE STATE ATTORNEY'S INVESTIGATOR BE PAID PURSUANT TO THE STATE BUDGET AS SET OUT IN FLORIDA STATUTE 27.33(d) OR WOULD THE TRAVEL EXPENSES BE SUBJECT TO PAYMENT BY THE COUNTY?
As stated in AGO 84-26, the general rule of law and the rule recognized in Florida regarding the recovery and allowance of costs incurred in criminal cases is that no right to or liability for such costs exists independent of statutory authorization. Citing, Warren v. Capuano, 269 So.2d 380 (4 D.C.A.Fla., 1972), aff'd., 282 So.2d 873 (Fla. 1973); Lindsey v. Dykes, 175 So. 792
(Fla. 1937); Wood v. City of Jacksonville, 248 So.2d 176 (1 D.C.A.Fla., 1971). See generally, 20 Am.Jur.2d Costs s 100; 20 C.J.S. Costs ss 435, 437b., 441, 453, 454, and 456. The courts of this state have applied this general, prevailing rule when a determination of the costs for which a county is liable in criminal prosecutions must be made. See, e.g., Doran v. State,296 So.2d 86 (2 D.C.A.Fla., 1974); Benitez v. State, 350 So.2d 1100 (3 D.C.A.Fla., 1977), cert. denied, 359 So.2d 1211 (Fla. 1978); Holton v. State, 311 So.2d 711 (3 D.C.A.Fla., 1975). The courts, however, in recent years have supplemented this general rule in the exercise of the judiciary's inherent power in order to implement certain constitutional principles securing to indigent defendants the right to a fair trial under the Sixth Amendment to the United States Constitution. See, e.g., Rose v. Palm Beach County,361 So.2d 135 at 137 (Fla. 1978) (where fundamental rights are concerned every court has inherent power to do all things reasonably necessary for the administration of justice within the scope of its jurisdiction). This opinion is an effort to provide guidelines to the respective counties in determining their liability for costs and expenses incurred by the Public Defenders and the State Attorneys in the course of criminal prosecutions.
In Doran v. State, supra, the court was faced with the issue of whether an acquitted defendant was entitled to reimbursement, by way of taxing the items as costs against the county, for his pretrial bail bond premium and for the fee charged to tow his automobile off the streets following his arrest. The court concluded that such expenses were not taxable against the county. After setting forth that there is both constitutional authority under s 19, Art. I, State Const. (1968 revision) (which provides that no person charged with a crime shall be compelled to pay costs before a judgment of conviction has become final) and statutory authority under s 939.06, F.S., for the reimbursement of taxable court costs to an acquitted or discharged defendant, the court stated: "There are many expenses which one may incur because he is charged with a crime. Yet, only those items reasonably within the scope of statutory authority are taxable." Id. at 87. This language has been used by subsequent judicial decisions for the proposition that statutory authority must exist for a county to have responsibility for criminal court costs. See, e.g., Powell v. State, 314 So.2d 788 (2 D.C.A.Fla., 1975); Benitez v. State, supra; Holton v. State, supra; and see for an earlier decision on this point, Warren v. Capuano, supra. However, the courts have made it clear that the judiciary has the power to determine what expenses an acquitted or discharged defendant incurs are taxable court costs within the scope of statutory authority for which the county has liability. See, e.g., Doran v. State, supra at 87: (determination of which costs may be taxed has been left to the courts); Lunetto v. State, 274 So.2d 251, 252 (2 D.C.A.Fla., 1973) (decision as to what costs should be taxed should be made by the trial court). See also, Holton v. State, supra at 711; and compare discussion in Orange County v. Davis, 414 So.2d 278 at 280 (5 D.C.A.Fla., 1983). The statute relied upon by the courts for determining the county is responsible for refunding the costs incurred by acquitted or discharged defendants in criminal prosecutions is s 939.06, F.S., which in pertinent part, provides: "No defendant in a criminal prosecution who is acquitted or discharged shall be liable for any costs or fees of the court or any ministerial office, or for any charge of subsistence while detained in custody." This statute goes on to provide that if a defendant "shall have paid any taxable costs in the case, the clerk or judge shall give him a certificate of the payment of such costs, with the items thereof, which, when audited and approved according to law, shall be refunded to him by the county." In Warren v. Capauno, supra, the court held that costs of private process and reimbursement for mileage and per diem for out-of-state witness were taxable costs under s 939.06, F.S., and s 142.09, F.S. The Warren decision further determined that not only is there authority for the payment of costs in the aforecited statutes but it is also contained in s 19, Art. I, of the Revised Constitution of 1968. After quoting s 9, Art. XVI, of the Constitution of 1885 and stating that such constitutional provision was preserved by s 10, Art. X, Constitution of 1968, as a statute, the court stated: "The courts have historically followed the direction of the constitution and the statutes and have held that the defendants in criminal cases who are acquitted or discharged be allowed cost, and that the cost should be paid by the county." Id. at 382. The Warren decision was affirmed by the Florida Supreme Court, 282 So.2d 873, which, at 874, refers to and discusses the opinion of the district court and its interpretation of the above cited provisions of the 1968 and 1885 Constitutions and the application of ss 939.06, 939.07 and 939.08, F.S., ss142.09, 48.021, and Ch. 942, F.S., to that case, and sets forth the above quoted statement of the district court. The First District Court of Appeal in Dinauer v. State, 317 So.2d 792 (1 D.C.A.Fla., 1975), a case in which the state entered a nolle prosequi, ruled that the defendant's deposition costs (court reporter's fee for taking 3 depositions — per diem — $25.00, original — $68.75) were properly taxable against the county, but that the defendant's claim for travel expense from his home in Milwaukee, Wisconsin to attend the trial, his hotel expenses and meals for three days and nights and bail bond expense were not "proper taxable costs."
In Powell v. State, supra, the Second District relying on its earlier decision in Doran v. State, supra, and s 939.06, F.S. concluded that "[s]ince under s 914.06 the county could tax the reasonable compensation of its expert witnesses as costs against a convicted defendant, we think that an acquitted, non-indigent defendant may do likewise against the county." (e.s.) On a Petition for Rehearing the court further concluded: "If upon remand the trial court finds that [depositions of expert and other witnesses] served a useful purpose in appellant's defense, the costs attendant thereto shall be allowed appellant as taxable costs." (e.s.) Id. at 789. This language is the source of the so-called "useful purpose" test alluded to in several of the earlier opinions of this office. It should be noted that in Powell v. State, supra, the defendant was acquitted and therefore had statutory authority pursuant to s 939.06 and s 914.06, F.S., to have his "taxable costs" refunded by the county. The "useful purpose" test was set forth as a condition to aid the trial court in making a determination whether the deposition costs in question were proper (served a useful purpose in the defense of the charges) "taxable costs" under s 939.06, F.S. While this office in earlier opinions had concluded that in order for the costs of taking depositions to be taxed such depositions had to be placed into evidence (see, e.g., AGO's 75-271, 72-39), the Powell decision would allow such costs *2741 where they served a "useful purpose." But the decision did not announce any new rule applicable to all costs and expenses and thus would be limited to deposition costs. This case, therefore, would not appear to depart from the general rule of law regarding the recovery and allowance of legal costs and expenses in criminal cases or the counties' liability therefor or establish any new rule with regard to a county's liability for such costs and expenses, notwithstanding any earlier opinions of this office to the contrary.
The law is more complicated with regard to the costs, incurred by either the Public Defender for and on behalf of insolvent defendants or the State Attorney for the state (or any other public officer) in the prosecution of a convicted indigent defendant, for which the counties are responsible. Section 939.01, F.S., provides: "In all cases of conviction for crime the costs of prosecution shall be included and entered up in the judgment rendered against the convicted person." (e.s.) The Florida appellate courts have held in a number of cases that the trial courts are not authorized to assess costs against defendants adjudged to be insolvent. See, e.g., Cox v. State, 334 So.2d 568
(Fla. 1976); Brown v. State, 427 So.2d 271 (2 D.C.A.Fla., 1983); Armstrong v. State, 377 So.2d 205 (2 D.C.A.Fla., 1979). Where the defendant has been adjudged insolvent, the county pursuant to s 939.15, F.S., shall bear the responsibility for the costs allowed by law. If the payment of the costs or expenses incurred in the defense or prosecution of an indigent defendant is not the legal responsibility of the county, then such costs and expenses must be borne by the State Attorney or Public Defender as an operating expense of those offices. Applicable to the question of the liability of the county for costs and legal expenses incurred in criminal prosecutions of insolvent defendants, s 939.15, F.S., provides:
 When the defendant in any criminal case pending in any circuit or county court, a district court of appeal or the Supreme Court of this state has been adjudged insolvent by the circuit judge or the judge of the county court, upon affidavit and proof as required by s. 924.17 in cases of appeal, or when the defendant is discharged or the judgment reversed, the costs allowed by law shall be paid by the county in which the crime was committed, upon presentation to the county commissioners of a certified copy of the judgment of the court against such county for such costs. (e.s.)
This statute and emphasized portion would appear to apply to costs incurred either by the Public Defender for and on behalf of an insolvent defendant or by the State Attorney for the state (or other public officer) but is limited to those "costs allowed by law." Examples of statutes specifically providing for certain types of criminal "costs" and legal expenses to be taxed against the defendant or the county can be found throughout the Florida Statutes. See, e.g., ss 29.05, 92.231, 142.09, 914.06, 914.11, 916.11, 939.06, 939.07, 939.15, F.S. Cf., former s 9, Art. XVI, Constitution of 1885, preserved and converted to a statute by s 10 of Art. XII of the 1968 Revised Constitution.
Complicating this murky state of constitutional, statutory and decisional law is a provision of the 1885 Florida Constitution. Section 9, Art. XVI, 1885 Const., provided in pertinent part: "In all criminal cases prosecuted in the name of the State, when the defendant is insolvent or discharged, the legal costs and expenses, including the fees of officers, shall be paid by the counties where the crime is committed, under such regulations as shall be prescribed by law, and all fines and forfeitures . . . [shall be] applied to such legal costs and expenses." (e.s.) Although this provision was not carried forward by the 1968 Revised Constitution, s 10, Art XII, State Const., provides that all provisions of Articles I-IV, VII, and IX-XX of the 1885 Constitution, as amended, which are not inconsistent with the 1968 revision shall become statutes subject to modification or repeal as are other statutes. Section 9, Art. XVI, 1885 Const., has never been republished in the Florida Statutes. See, Tracing Tables, page 313, Vol. 4, F.S. Nor to my knowledge has this provision been modified or repealed by any statute enacted by the Florida Legislature. The courts of this state have recognized that former s 9, Art. XVI, 1885 Const., has been preserved as a statute. See, e.g., Benitez v. State, supra; Warren v. Capuano, supra. Therefore, I must presume the continued viability and relevance of these former constitutional provisions to the counties' liability for the legal costs and expenses incurred in the criminal prosecution or defense of an insolvent or discharged defendant.
However, as stated earlier, the courts faced with federal constitutional principles, such as those coming within the parameters of the Sixth Amendment to the United States Constitution which guarantee a fair trial for all criminal defendants, have invoked their inherent power in order to insure that due process, equal protection, and other constitutional considerations do not result in a conviction of a guilty party being overturned because of a failure to provide a fair trial. See, Rose v. Palm Beach County, supra. In Rose v. Palm Beach County, the Florida Supreme Court addressed the issue of whether a trial court has the inherent power to order prepayment of traveling and lodging expenses of witnesses to ensure a fair trial to a criminal defendant in excess of the statutory maximum contained in s 90.14, F.S., 1977, now s 92.142, F.S., when the witnesses are indigent. The court concluded that the statute was merely declaratory of a guideline pertaining to a matter within the competence of the court to determine. Id. at 139. In a footnote the court quoted Carrigan, Inherent Powers of the Courts 8 (1973). "A statute which attempts to restrict the inherent powers will be broadly interpreted as laying down reasonable guidelines within which the power operates rather than as a sole or actual source of the power." Id. The court in Rose answered the certified question in the affirmative finding that the expenditure of public funds was required to protect the constitutional rights of the defendant, and subject to the qualification of "clear necessity" for invoking the doctrine of inherent power for expenditures deemed essential to the fair administration of justice. Thus, the county under the circumstances of that case, would be responsible for witness allowance (per diem and mileage) in excess of that *2742 set in the statute when so ordered by the trial court.
The Florida Supreme Court, in Shuman v. State, 358 So.2d 1333
(Fla. 1978), was faced with the question of whether the cost for preparation of a transcript necessary for an indigent's appeal from a hearing officer's order of continued involuntary hospitalization in a mental institution, entered pursuant to Ch.394, F.S., should be taxed against the county in which the hearing is held or against the office of the public defender appointed to represent such indigent as an expense of that office. The indigent petitioners contended that since the right to appeal from an order requiring continued involuntary hospitalization is provided by law to all, this right cannot constitutionally be denied to those unable to pay the cost of the transcript necessary for review. Petitioners further maintained that to hold otherwise would deny indigents equal access to the courts, due process and equal protection of the law in violation of the Florida and the Federal Constitutions. The court accepted petitioners' contention and concluded that "[a] transcript of the hearing provided by Section394.467(4)(a), Florida Statutes (1975), upon which an order requiring continued involuntary hospitalization is based, is necessary for meaningful appellate review." The court therefore held that the indigent petitioners in that case had a right to a transcript of the commitment proceedings, provided at public expense under both the Florida and the Federal Constitutions. The court at page 1335 stated: "Those whom the state seeks to involuntarily commit to a mental institution are entitled to the protection of our Constitutions, as are those incarcerated in our correctional institutions." The court based its holding on the reasoning in Williams v. Oklahoma City, 395 U.S. 458, 459-460, (1969): "This Court has never held that the States are required to establish avenues of appellate review, but it is now fundamental that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts . . . ." The court rejected the contention that Florida Appellate Rule 6.8 addresses indigents seeking appellate review under s 394.457(6)(d), F.S. 1975, of an order requiring continued involuntary hospitalization. The court also rejected the proposition that legislative appropriations are provided for these expenses by s 27.51(4)(e), F.S. 1975.
That statute provided:
 A sum shall be appropriated annually to the public defender of those judicial circuits enumerated in paragraphs (a)-(d) for the employment of attorneys as part-time public defenders, clerical employees, and expenses, including those incurred in cases on appeal. (e.s.)
Section 27.51(4)(e), F.S. 1975.
After citing subsection (2) of s 27.54, F.S. 1975, the prohibition against counties and municipalities appropriating or contributing funds to the operation of the offices of the various public defenders, the court succinctly stated:
 An examination of Section 27.54 in its entirety reflects that the enactment relates solely to operation expenses of the public defenders' offices, such as for employment of personnel and travel expenses. It is clear, therefore, that subsection (2) of the statute was intended only to prohibit counties from contributing to such operation expenses; it does not proscribe contributions for costs of appeals — those appellate expenditures which are not related to internal operation of the public defender's office. Costs have been defined to include payments to a court reporter for preparation of a record on appeal. (emphasis supplied by the court)
Id. at 1336-1337.
Thus, in a few words the Florida Supreme Court clearly articulated the dichotomy of responsibility for legal costs and expenses incurred by the various public defenders in the defense of indigent defendants in civil proceedings or criminal prosecutions. As to criminal prosecutions, if the item in question is determined by the trial court to be taxable as costs, then the county has financial responsibility for its payment or reimbursement, as the case may be; otherwise, the item must be assumed by the public defender incurring the expense, as an operational expense of the public defender's office — an expense which should be properly budgeted and appropriated by the Legislature. The court clearly indicates or implies that it has the authority to assure that an indigent criminal defendant receives a fair trial. While the Supreme Court could not point to any statute or court rule making the county liable for such costs, the court, in effect, invoked its inherent power, later articulated in Rose v. Palm Beach County, supra, in determining that the transcript in question was necessary for meaningful appellate review and the indigents had a right thereto, at public expense under State and Federal Constitutions.
Court rules are also applicable to this issue. Rule 3.220, Fla.R.Cr.P., applies to discovery matters in criminal prosecutions. Paragraph (k) of that rule, titled "Costs of Indigents," provides: "After a defendant is adjudged insolvent, the reasonable costs incurred in the operation of these rules shall be taxed as costs against the county." Paragraph (d) provides: "At any time after the filing of the indictment or information the defendant may take the deposition upon oral examination of any person who may have information relevant to the offense charged." The heading or title to paragraph (k) and the language used in paragraph (d) refer only to discovery by the defendant; no statute specifically authorizes the defendant to take discovery depositions or provides for the recovery of the expenses thereof. The committee notes appended to the predecessor Rule 3.220(i), Fla.R.Cr.P. (1967) — which is identical to present Rule 3.220(k) — state that the purpose of the rule (new to the practice at the time of its adoption) is to comply with the trend of federal decisions which held that due process is violated when a person who has the money with which to resist criminal prosecution gains an advantage over the person who is not so endowed. Cf., Shuman v. State, supra, at pp. 1335-1336, concerning the discussion as to unreasoned distinctions which effectively deny right of appeal to impoverished defendants being forbidden by the Fourteenth Amendment; Grissom v. Dade County, 293 So.2d 59
(Fla. 1974), holding that application of statutes to indigents which requires that a person seeking to adopt a child, where the natural mother's whereabouts are unknown, publish notice of the suit and bear the cost thereof unconstitutionally denies such persons access to the courts in matters where fundamental rights are involved; Bell v. State, 208 So.2d 474 (1 D.C.A.Fla., 1968), which held that in order to provide an indigent defendant convicted of a crime with the same opportunity of an effective appellate review as that which is provided a solvent defendant able to pay the cost of reporting and transcribing counsel's closing argument to the jury, a stenographic report of such argument must be provided at state expense when timely motion therefor is made. The aforementioned committee notes go on to state: "The committee questioned whether the subsection could be accomplished by a rule of procedure in view of the fact of the substantive nature of its contents but the committee recognized had the subsection not been adopted, there was a likelihood that a constitutional infirmity such as equal protection of the law would be found and either the entire rule with all subsections would be held void, or a confusion in application would result. The committee recognized that a legislative act could well be unpopular with the Legislature and not enacted, and recommended the inclusion in the rule." See, In re Florida Rules of Criminal Procedure, 196 So.2d 124 at p. 155 (Fla. 1967). Paragraph (d) of Rule 3.220 provides for discovery depositions by the defendant after filing of the indictment or information, and paragraph (k) provides for "costs of indigents" and assures indigent defendants equal protection of the law. The State Attorney derives his power to summon and examine witnesses not from this rule but from both the common law and the Florida Statutes. See, State ex rel. Martin v. Mitchell, 188 So.2d 684 (4 D.C.A.Fla., 1966), opinion adopted192 So.2d 281 (Fla. 1966); and, s 27.04, F.S. As my predecessor in office stated in an earlier opinion, the intent in promulgating Rule 3.220(k) was to eliminate the disparity among defendants. See AGO 75-271. The committee notes appended to Rule 3.220(d) state that the discovery rule was a compromise between the philosophy that the defendant should be allowed unlimited discovery depositions and the philosophy that he should not be allowed any discovery depositions at all. See, In re Florida Rules of Criminal Procedure, supra, at 154. Thus, this office is unable to say that this rule places any liability on the county to pay for the costs of copies of depositions obtained by the state attorney in the absence of judicial decisions construing the rule to this effect. In State ex rel. McCrinnon v. Lester, 354 So.2d 381 at 383 (Fla. 1977), cert. denied, 439 U.S. 877 (1978), a case pre-dating the Shuman and Rose decisions, the court was presented with a situation where a number of indigent criminal defendants alleged collectively that their cases required the taking of numerous depositions and that they could not be properly prepared for trial without the depositions. They further alleged that without copies of the depositions they would be denied the effective assistance of counsel. The court found that with regard to the indigents' asserted right to deposition copies at county expense under Fla.R.Cr.P. 3.220(k), "existing statutes and court rules do not authorize taxing the
Against this statutory and judicial decisional background, specific inquiries regarding the counties' responsibility for the costs incurred by or on behalf of acquitted or discharged defendants or defendants adjudged insolvent are addressed as follows.
QUESTION ONE
Several provisions of the Florida Statutes authorize the payment of witness fees and provide for such fees being taxed as costs. In felony cases, s 914.06, F.S., provides that "on motion of the state or an indigent defendant, the court may require the attendance of an expert witness whose opinion is relevant to the issues of the case. The court shall award reasonable compensation to the expert witness that shall be taxed as costs in the same manner as other costs." This statute provides authority for the state attorney to have expert witness costs taxed against a convicted solvent defendant pursuant to s 939.01, F.S., and the authority for a defendant adjudged insolvent by the trial court to have such costs charged to the county in which the crime was committed pursuant to s 939.15, F.S. Section 914.06, however, does not authorize or address, the payment of or liability for expenses of expert witnesses who are merely consulted before trial by either the state attorney or the public defender or court appointed counsel.
Section 92.231(2), F.S., provides:
 Any expert or skilled witness who shall have testified in any cause shall be allowed a witness fee including the cost of any exhibits used by such witness in the amount of $10 per hour or such amount as the trial judge may deem reasonable, and the same shall be taxed as costs.
For purposes of this statute subsection (1), in relevant part, defines the term "expert witness" to include "any witness who offers himself in the trial of any civil action as an expert witness or who is subpoenaed to testify in such capacity before a state attorney in the investigation of a criminal matter, or before a grand jury, and who is permitted by the court to qualify and testify as such, upon any matter pending before any court." In AGO 72-84 (cited as AGO 72-82 in State v. Board of County Commissioners of Glades County, 370 So.2d 1214 [2 D.C.A.Fla., 1979] at 1215 for the principle that an expert witness must come within the terms of s 914.06, F.S., in order to be entitled to an expert witness fee), this office concluded that this statute "authorizes the payment of expert witness fees only when the expert witness testifies in a civil case, before a state attorney in a criminal investigation, or before a grand jury. The result is that the cited statute does not apply when an expert witness testifies in a pending criminal case." Accord, Bannister v. State,358 So.2d 1182, 1184 (2 D.C.A.Fla., 1978), which concluded that "[t]he only expert witness fees taxable to a defendant as costs are those reasonable fees of an expert subpoenaed to appear and testify before the state attorney or of a court appointed psychiatrist who testifies in a criminal trial." Citing ss 90.231 (now 92.231), 914.06, 918.11, F.S. The court in Bannister went on to make it clear that "[i]n all other instances costs incurred by a witness in a criminal case, including one who qualifies and testifies as an expert, are taxable only to the extent authorized by Section 90.14 [now 92.142], Florida Statutes, that is five dollars per day of attendance plus six cents per mile travel expenses." Id. at 1184. Cf., Powell v. State, supra at 789: "Reasonable fees for expert witnesses are authorized and taxable as costs in civil cases, Fla.Stat. s 90.231 (1973) and are statutorily authorized in criminal cases under certain circumstances." Citing, s 914.06, F.S. See also, State v. Board of County Commissioners of Glades County, supra. Section 914.06, F.S., of course, provides that in felony cases on the motion of the state or an indigent defendant, the court may require the attendance of an expert witness, and may award a reasonable fee to be taxed as costs.
Section 939.07, F.S., pertaining to payment for witnesses in general of an insolvent or discharged defendant provides:
 In all criminal cases prosecuted in the name of the state in the circuit courts or county courts in this state where the defendant is insolvent or discharged, the county shall pay the legal expenses and costs, as is prescribed for the payment of costs incurred by the county in the prosecution of such cases; provided, that there shall not be more than two witnesses summoned and paid to prove the same fact; and provided further, that before any witness is subpoenaed on behalf of a defendant in the circuit or county court an application shall be made to the judge, in writing, on behalf of the defendant, setting forth the substance of the facts sought to be proved by the witness or witnesses, making affidavit that the defendant is insolvent, and if upon such showing the judge is satisfied that the witness or witnesses are necessary for the proper defense of the defendant, he shall order that subpoena issue, and that the costs as herein provided shall be paid by the county, and not otherwise.
None of these statutes, however, impose any liability upon the counties for pretrial consulting services of experts or other individuals in criminal cases. All of these statutes appear to contemplate that the fees and costs for which the counties are liable are for services performed as a witness in the criminal prosecution or defense (or when testifying before a state attorney in a criminal investigation or before a grand jury).
The courts, however, have made it clear that the witness need not actually testify in order to subject the county to liability for witness fees. The Second District Court of Appeal in State v. Board of County Commissioners of Glades County, supra, at 1216, stated that "if the witness is subpoenaed and does testify (or, as was the case here, he appears at trial, but his testimony is rendered unnecessary due to a change of plea or the declaration of a mistrial), he is entitled to an expert witness fee." The expert witness in the Glades County case had performed the autopsy on the victim and was subpoenaed by the prosecutor to testify at trial. He testified at trial concerning the victim's cause of death and the prosecutor also intended to call him as an expert witness on other matters, but the defendant unexpectedly pled guilty in the middle of the trial and the other testimony was not needed. The court decided that under these circumstances the county was responsible for the expert witness fee. In Garner v. State,445 So.2d 413 (4 D.C.A.Fla., 1984), the issue was "whether the trial court erred in denying the public defender's motion to tax as costs two experts' fees incurred by counsel on behalf of his indigent client without prior permission of the trial court." Id. at 414. While it does not appear in the decision itself, the record reveals that the experts did not actually testify at trial, but were used in negotiating a plea in the case. The experts involved were a medical expert who did testify at a Motion to Suppress Hearing and a hypnotist who examined the defendant but did not testify. The District Court of Appeal found that the two witnesses were expert and "were useful to the defense." Id. at 414. The district court reversed the lower court upon the authority of State v. Board of County Commissioners of Glades County, supra, and remanded with instructions to grant the public defender's motion. Compare, Goldberg v. County of Dade,378 So.2d 1242 (3 D.C.A.Fla., 1979), in which the defendant-appellant filed for a certificate of payment of taxable costs pursuant to s939.06, F.S. One charge had been dismissed and on the other charges, the jury returned a verdict of not guilty. The trial court disallowed an expert fee for a forensic psychologist who assisted defendant's counsel in the selection of the jury. The district court noted that s 939.06 refers to "taxable costs" which have been defined as only those items reasonably within the scope of statutory authority. The court considered this definition in conjunction with s 939.15, F.S., providing that the county shall pay those costs allowed by law, and found no authority to tax such costs. Thus, while the courts have not always required that an expert witness actually testify at the trial in order for such fees or costs to be taxed against the county, in the cases cited above such experts were either intended to be used as witnesses and subpoenaed for that purpose, but whose testimony became unnecessary due to a change of plea or were useful or necessary in negotiating a plea either in the prosecution or defense.
Therefore, it is my opinion that, the counties have no liability for pretrial consultation fees for expert or other potential witnesses consulted before trial by either the state attorney or the public defender.
QUESTION TWO
In those instances where a defendant has been adjudged insolvent by the trial court and the court has rendered judgment therefor against the county, the county in which the crime was committed would be liable for the costs allowed by law pursuant to s 939.15, F.S. In AGO 84-26 this office stated that "[i]n general, the county is responsible to pay only those court reporter costs that are provided by statute or court rules as taxable court costs assessed against an insolvent or discharged defendant." More specifically, AGO 75-271 stated: "The county is required to pay only those expenses incurred in the actual trial proceedings and not expenses incurred in preliminary investigations by the state attorney prior to the finding or filing of an information or indictment charging the commission of a crime." That opinion went on to conclude that since there was no statute or rule of procedure which provided that the expense of the state attorney in procuring a copy of a deposition taken pursuant to Rule 3.220, Fla.R.Cr.P., could be taxed against the county, the county was not responsible for such expense under s 939.07 and s 939.15, F.S. As discussed above, Rule 3.220 is directed towards granting the criminal defendant the right to take the deposition of persons having information relevant to the offense charged and insuring that indigent defendants receive a fair trial. This purpose would not be furthered by extending the liability of the county to the expense incurred by the state attorney in procuring a copy of a deposition taken by an indigent criminal defendant.
Specifically relating to court reporters, Ch. 29, F.S., sets forth the duties and responsibilities of the official court reporters as well as specifying the compensation for their services. The duties of the court reporter, relevant to criminal proceedings, are set forth in s 29.02, F.S.:
 The official court reporter shall, upon the request of the presiding judge, or that of the state attorney or defendant, report the testimony and proceedings, with objections made, the ruling of the court, the exceptions taken, and oral or written charges of the court in the trial of any criminal case in the circuit court, and the testimony in any preliminary hearing when so requested by the circuit judge or state attorney of that circuit . . . .
Section 29.03, F.S., pertaining to compensation for the services of the court reporter provides that "said reporter shall also, when ordered by either party in a criminal case or by the presiding judge report the arguments of counsel arguing the facts to the jury, and shall receive as compensation therefor not less than $10 for reporting each such argument." This statute goes on to provide that "[s]uch reporter shall receive for each typewritten transcript of his notes of the testimony and proceedings taken at the trial of any civil or criminal cause, and furnished on demand of either party to the suit for which the testimony and proceedings are taken, the amount of 50 cents per page for the original and the amount of 25 cents per page for each carbon copy thereof . . . ." These fees are permitted to be charged by an administrative order. See, Rule 2.070(e), Fla.R.Jud.Admin. And see, Anderson v. State ex rel. Kriser, 374 So.2d 591 (1 D.C.A.Fla., 1979) holding that an administrative order establishing a schedule of court reporters' fees, which was promulgated pursuant to rules of Florida Supreme Court superseded conflicting statutory provision governing such fee schedules. Subsection (3) of s 29.04, F.S., provides: "The funds necessary to pay the costs of reporting in criminal proceedings shall be supplemented by the respective counties as necessary to provide competent reporters in such proceedings."
This office in AGO 72-39 concluded that the official court reporter's fees for reporting arguments of counsel in a criminal trial and for transcribing the trial proceedings for use in the trial are taxable as court costs, and thus may become a liability of the county in the case of an indigent defendant. That opinion, however, also concluded that the expense of a pretrial preliminary hearing or criminal investigation does not ordinarily become a "court cost" and thus is not required to be paid by the county. I am not aware of any recent statute or judicial decision which would alter the validity of this conclusion.
However, it should be made clear that that opinion was addressing the question, relevant to this inquiry of whether the county is obligated to pay the expense of a court reporter for reporting and transcribing, at the request of the state attorney, a portion of the grand jury proceedings. In AGO 76-72 it was declared that two district courts of appeal had adopted the so-called "useful purpose" test in determining what costs are properly taxable costs in criminal actions. That opinion used this test to reach the conclusion that when a defendant is discharged or adjudged insolvent pursuant to ss 936.06, 939.07, and 939.15, F.S., "the county should pay all costs of prosecution, including preindictment, preinformation, and deposition costs, when it is determined by the court that such served a `useful purpose.' " Some of the costs questioned therein included whether the county should pay court reporter charges for the purpose of sworn statements of various prospective witnesses prior to or after the information or indictment has been filed as well as pay for the various forms such as affidavits used in line with the input of the state attorney and public defender. After a reexamination of the cases cited in AGO 76-72 for support of the conclusions reached therein, it is my opinion that AGO 76-72 is overbroad. Those decisions are Powell v. State, supra; Dinauer v. State, supra. In Powell the court in deciding whether the costs of taking depositions are proper taxable costs, stated that "[i]f upon remand the trial court finds that such depositions served a useful purpose in appellant's defense, the costs attendant thereto shall be allowed appellant as taxable costs." Id. at 789. Again, while this office has in the past concluded that depositions must be placed into evidence in order to be taxed as costs, the Powell decision did not so limit the taxability of deposition costs. The court did not announce any new general test that could be applied in all situations in determining whether any particular expense is a proper taxable cost. The language, "served a useful purpose," was applied to making the determination of whether the deposition costs were taxable. Deposition costs have historically been considered to be taxable court costs and therefore the court did not establish a new rule of law with this decision. In Dinauer v. State, supra, the defendant expended $93.75 for the court reporter's fee for taking the depositions of three police officers.
The court concluded "that the sum of $93.75 expended for taking the officers' depositions is a proper taxable cost and that the trial court erred in not assessing same." Id. at 793. Nowhere in the Dinauer decision does the court refer to a "useful purpose" test or cite to the Powell case. Thus, while it would appear that court reporter's fees are "proper taxable costs" that can become a liability of the county when the defendant is insolvent or discharged, the courts have not announced a "useful purpose" test that could be applied to all types of expenses that could be incurred in the course of a criminal prosecution. To the extent that AGO 76-72 is inconsistent with the conclusions reached herein, that opinion is hereby superseded.
Therefore, it is my opinion that the county is obligated to pay such court reporter costs as are incurred by the state attorney during the course of a criminal prosecution which are included in a judgment rendered by the trial court against the county in which the crime was committed, but the county is not obligated to pay such costs incurred in the course of a criminal investigation conducted by the state attorney.
QUESTION THREE
The discussion in Question Two is equally applicable to this question. Where a defendant has been adjudged insolvent by the trial court and the court has rendered judgment against the county for any deposition costs incurred by a state attorney during the course of a criminal prosecution of such adjudged insolvent defendant, the county is liable for such costs as provided in s 939.15, F.S. While my research has not revealed any appellate judicial decision which has ruled on the question of whether a post-indictment or post-information deposition taken by the state attorney of a defense witness is a proper taxable cost against the defendant, it would appear, in the absence of a judicial determination to the contrary, that if the trial court found that the state attorney's deposition costs were reasonable and incidental to and served a useful purpose in the prosecution, such costs could be taxed against the county pursuant to former s 9, Art. XVI, Constitution of 1885, and s 939.15, F.S. Thus, such post-indictment or post-information deposition costs taxed against the county in which the crime was committed by the trial court and included in its judgment therefor against the county would become the liability of the county under s 939.15, F.S.
QUESTION FOUR
The cases and principles set forth in the general discussion and the first three questions are applicable to this question. See particularly the discussion of State ex rel. McCrimmon v. Lester, supra. Therefore, if the trial court finds that the deposition copy was necessary for the prosecution or served a useful purpose in the prosecution, that expense could be included in the judgment against the county pursuant to s 939.15, F.S. (and s 9, Art. XVI, Constitution of 1885), and would thereupon become the responsibility of and impose liability on the county for payment thereof.
QUESTION FIVE
It is my opinion that travel expenses incurred in criminal cases by the public defender or the state attorney in connection with out-of-jurisdiction depositions are not taxable court costs. While the appellate courts have not addressed the issue of travel expenses incurred in taking depositions, the courts have disallowed travel expenses incurred in attending the trial itself. See, e.g., Dinauer v. State, supra, wherein the court concluded that "defendant-appellant's travel expenses, hotel expenses, meals, and bail bond expense are not `proper taxable costs.' " (e.s.) See also, Warren v. Capuano, supra. Compare, Shuman v. State, supra, at 1336-1337, wherein the Supreme Court in distinguishing "operation expenses" from "costs" of appeals included travel expenses as an operational expense of the public defenders' office within the purview of s 27.54(2), F.S. 1975 as complemented by s 27.51(4)(e), F.S. 1975, now s 27.51(5), F.S. And see, Powell v. State, supra, wherein the court concluded that since under s 914.06, F.S., the county could tax the costs of its expert witnesses against the solvent defendant, the defendant could do likewise against the county.
This conclusion is consistent with the legislative intent expressed in the state budget process for state attorneys. On an annual basis each state attorney must "submit to the Executive Office of the Governor a written report containing an estimate in itemized form showing the amount needed for operational expenses for the year . . . ." Section 27.33(1), F.S. Thus, items or expenditures contained within this budget are yearly appropriated to the state attorneys and are paid by the state. Items in this budget may not be passed on to the county by taxing them against the county in which the crime was committed as "costs of prosecution" or "legal costs and expenses" in criminal prosecutions. Each budget estimate is to itemize the expenditures which includes paragraph (e) of subsection (1): "Travel expenses of state attorney and assistant state attorneys." Section27.34(1), F.S., in relevant part, makes clear this dichotomy of state/local financial responsibility: "No county or municipality shall appropriate or contribute funds to the operation of the various state attorneys." Compare, Rule 3.190(j), Fla.R.Cr.P., which provides that if after an indictment or information is filed the state takes the deposition of a prospective witness who resides beyond the territorial jurisdiction of the court, "[t]he State shall pay to the defendant's attorney and to a defendant not in custody the expenses of travel and subsistence for attendance at the examination." And see, s 27.54(1) and (2), F.S., pertaining to public defenders. Subsection (1), in relevant part concerning the necessary expenses of the public defenders' offices, provides that "[t]ravel expenses shall be paid in accordance with the provisions of s. 112.061." Subsection (2) in pertinent part, states: "No county or municipality shall appropriate or contribute funds to the operation of the offices of the various public defenders . . . ."
Applying these statutory provisions which are in harmony with the judicial decisions on travel expenses, it is my opinion that such expenses must be borne by the various state attorneys and public defenders as an operational expense of their offices.
QUESTION SIX
The same analysis applied in Question Five applies equally to this question. In Benitez v. State, supra, the court expressly held "that as a matter of law, investigative costs are not recoverable as taxable costs." The issue presented therein was "whether investigative costs incurred by a defendant in a criminal proceeding may be recovered from the State as taxable costs upon defendant's acquittal of the crime charged in the criminal proceeding." Id. at 1101. The court noted that the defendant was solvent and not entitled to the benefits of the public defender system or any of the statutes enacted for the protection of insolvent defendants. Id. at 1102. After quoting s 939.06, F.S., which pertains to acquitted or discharged defendants, the court held that "[t]he only way in which the investigative costs could be held to be taxable costs would be for this court to hold that the term `taxable costs,' as used in Section 939.06, Florida Statutes (1975) means all reasonable and necessary costs. Such an interpretation would be contrary to the holding of the courts of this state." Citing, Doran v. State, supra; Holton v. State, supra. See also, 20 C.J.S. Costs s 457b (1940). This decision is consistent with the budgetary provisions for state attorneys' offices. See, s 27.33(1)(d), F.S. As the question indicates, paragraph (d) of s 27.33(1), F.S., provides that one of the items included in the annual budget report to the Governor, are the "[s]alaries and travel expenses of investigators." Thus, it is my opinion that the travel expenses of the investigators of the various State Attorneys are an operational expense of that office, unless and until judicially determined to the contrary.
In summary, it is my opinion:
 1. Counties have no liability for pretrial consultation fees for expert or other potential witnesses consulted before trial by either the state attorney or the public defender.
 2. Counties are obligated to pay such court reporter costs as are incurred by the state attorney during the course of a criminal prosecution which are included in a judgment rendered by the trial court against the county in which the crime was committed, but they are not obligated to pay such costs incurred in the course of a criminal investigation conducted by the state attorney.
 3. Counties are liable for the post-indictment and post-information deposition costs incurred by the state attorney during the course of a criminal prosecution of an insolvent defendant when taxed by the court against the county and included in its judgment therefor against the county under s 939.15, F.S., where such costs were reasonable and served a useful purpose in the prosecution.
 4. Counties are liable under s 939.15, F.S. for the costs of copies of depositions of state witnesses taken by the public defender, court appointed counsel or private retained counsel, if the trial court finds that the copies were necessary for the prosecution or served a useful purpose in the prosecution and includes such costs in its judgment against the county.
 5. Counties are not liable for travel expenses incurred in criminal cases by public defenders or state attorneys in connection with out-of-jurisdiction depositions; such expenses must be borne by the state attorneys or the public defenders as operational expense of their offices.
 6. Counties are not liable for out-of-state travel expenses incurred by investigators of state attorneys to locate and interrogate witnesses for the state attorney in the prosecution of a criminal case.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General